W. K. HAMBLEN v. THOS. B. KNIGHT.

(Case No. 4007.)

1. PLEADING.— An allegation that a note which plaintiff had signed as surety for another was after its execution fraudulently altered, so as to make it a note for a larger specified sum, "either by the administrator to whom it was executed, or by the principal in the note, and that this was done

without the knowledge of the surety," was held sufficiently specific in this case.

2. PRACTICE — INJUNCTION.— After exceptions to the sufficiency of a petition for injunction, it is too late for the defendant to urge for the first time after appeal that the allegations of the petition were not verified by affidavit. When the relief by injunction is sought after final hearing, the petition for injunction need not, as a general rule, be sworn to.

3. EVIDENCE — RETURN OF SHERIFF.— In a direct proceeding to set aside a judgment, the judgment may be impeached by showing that the defendant in the suit in which it was rendered was never served with process; that the return of the sheriff showing service was false, and was the result of a fraudulent collusion between him and the plaintiff in the judgment. This case distinguished from Lawler v. White, 27 Tex., 250, and Fitch v. Boyer, 51 Tex., 344.

4. PRACTICE.— In a suit to set aside a former judgment on account of a fraudulent combination between the plaintiff in whose favor it was rendered, and the sheriff, it was alleged that the defendant had never been served with process: that the judgment was rendered on the 6th of January, 1874, and that defendant did not learn that fact until the 11th of the same month; but he failed to state whether the court which rendered the judgment had adjourned for the term when he first learned that the judgment had been rendered. Held,

(1) That an exception based on the plaintiff's failure to state whether the term of the court had adjourned when he first learned that a judgment had been rendered against him, would not be heard when presented in the supreme court for the first time.

(2) This case distinguished from Bryorly v. Clark, 48 Tex., 345.

APPEAL from Milam. Tried below before the Hon. Spencer Ford.

The original petition in this cause was filed January 21, 1874; the first amendment, October 30, 1877. The second amendment which appeared in the record was filed March 31, 1879, and a trial amendment April 1, 1879.

The object of the suit, by W. K. Hamblen, was to enjoin a judgment which had been rendered in the district court of Milam county January 6, 1874, in favor of appellee against appellant and one W. H. White for the sum of $1,607.04, and costs.

The original petition and various amendments thereto charged, in effect, that about the 26th of November, 1856, Wm. H. White purchased of Thomas B. Knight, administrator of the estate of Cavendish Knight, property of the aggregate value of $1,700, and executed his note to said administrator for said sum, with plaintiff and one A. H. Moss as his sureties; that after the note was signed by plaintiff it was fraudulently altered by said administrator, Knight, or by White, the principal, so as to make it a note for $2,046.10, and that this was done without the knowledge of plaintiff.

That on February 14, 1860, the administrator brought suit in the

district court of Milam county on the altered note against White
and Moss and plaintiff as sureties, and on January 6, 1874, re-
covered judgment against the estate of White and against plaintiff,
having dismissed as to Moss.   Plaintiff averred that he had
never been cited in that suit, and had no knowledge of its existence
until January 6, 1874,— after judgment had been rendered; that
the return of the sheriff to the effect that this plaintiff had been
cited in that suit was false and was procured by a fraudulent com-
bination with the plaintiff therein; that this plaintiff never ap-
peared or made any defense in that suit; that White and Moss
were both duly cited in that suit and were both men of large prop-
erty, amply able to pay the note; but by the neglect and delay of
Knight in prosecuting his suit, both having died, their estates were
insolvent when the judgment was taken; that if plaintiff had known
of the existence of the suit and had been permitted to make his de-
fense, he could have shown that the note had long since been paid
off and discharged.   He prayed that on final hearing the injunction
be perpetuated; that he go hence without day, and be discharged
from all liability by reason of said judgment.

The original suit was described by its docket number and style.

From the briefs it appeared that the original petition was sworn
to, but not the amendments.

On the 1st of April, 1878, appellee filed his amended answer in
lieu of all of his former pleadings, and presented:

1. A general demurrer to appellant's second amended petition.

2. A special demurrer thereto, setting up eight special grounds of
exception.

3. A general denial.

4. A special answer, contesting all the allegations in plaintiff's
petition.

The second, sixth and seventh special exceptions were sustained,
and were as follows:

Exception No. 2 of defendant is as follows: "That the allegations
of fraud in the execution of the note sued on in the original suit,
upon which judgment was obtained, are too vague and indefinite,
and not sufficient in law to impeach the execution of said note in
this suit."

Exception No. 6 of defendant is as follows: "That plaintiff in this
action cannot impeach the return of Rufus Stinnett, sheriff, showing
that plaintiff was duly and legally cited to answer in said original
suit, and if he could, the allegations and prayer of his petition are
not sufficient in law for that purpose."

Exception No. 7 of defendant is as follows: "That plaintiff cannot contradict the recitals of the record in said judgment, showing that he was duly served with process and appeared by attorney in said suit; and the allegations of his petition are not sufficient for that purpose."

The assignment of error presents the judgment sustaining the exceptions set out above.

*X. B. Saunders*, for appellant.

*Davis & Beall* and *N. P. Garrett*, for appellee.

DELANY, J. COM. APP. — There is but one assignment of error, which is in substance as follows, viz.:   The court erred in sustaining the second, sixth and seventh special exceptions of the defendant to the plaintiff.

The second of these exceptions is as follows:   "That the allegations of fraud in the execution of the note sued on, in the original suit upon which judgment was obtained, are too vague and indefinite, and not sufficient in law to impeach said note in this suit."

The plaintiff's allegations are that he signed a note for $1,700 as surety for White; that after his signature was placed upon it, it was fraudulently altered, either by White or by the defendant, so as to make it a note for $2,046, and that the judgment was taken against him upon this latter note.   These allegations appear to us sufficiently specific, especially when tested by the very general exceptions of the defendant.

But appellee, in his brief, insists that these allegations of the plaintiff were not verified by his affidavit.   That objection should have been addressed to the court below.   It is vain to urge it here, after he has by his exception admitted the allegations to be true. The plaintiff does not appear to have asked for a preliminary injunction, and when that relief is sought after final hearing, the petition, as a general rule, need not be sworn to.   Eccles *v.* Daniels, 16 Tex., 136.

The sixth exception is as follows, viz.:   " Plaintiff in this action cannot impeach the return of the sheriff, showing that plaintiff was duly and legally cited to answer in said original suit; and if he could, the allegations and prayer of his petition are not sufficient in law for that purpose."

Appellee refers us to the cases of Fitch *v.* Boyer, 51 Tex., 344, and Lawler *v.* White, 27 Tex., 250.   The doctrine of those cases is

well settled, but it is applied only to collateral proceedings. This is a direct proceeding to set aside a judgment; and the allegation is that the return of the sheriff was false, and was the result of a fraudulent collusion between him and the plaintiff in the judgment. It is only in the absence of fraud or mistake that the return of the sheriff is conclusive. Ayres *v.* Dupree, 27 Tex., 594; King *v.* Russell, 40 Tex., 124.

What we have already said disposes of the seventh exception also, and we need not comment upon it. If the plaintiff's allegation, that the false return was the result of a combination between the plaintiff and the sheriff, this suit can be maintained notwithstanding the recitals in the judgment. Freem. on Judg., sec. 495.

But appellee insists that the petition was rightly dismissed because it showed that the judgment in the former suit was rendered on the 6th day of January, 1874; that the plaintiff learned the fact on the 11th of the same month; but does not allege that the court had then adjourned, or give any reason why he had not filed a motion for a new trial at that term. And he refers us to the case of Bryorly *v.* Clark, 48 Tex., 345.

In that case Bryorly had been served with process, and a judgment by default was taken against him while his counsel was temporarily absent. He filed a motion for a new trial · which was overruled. He afterwards, and while the court was still in session, filed an original suit to set aside the judgment.

The supreme court held that, as the district court was still in session, and could set aside the judgment upon motion at any time during the term, Bryorly, instead of bringing a new suit, should have set up the same facts in an amended motion for a new trial, or should have shown some good reason for not having done so.

We do not think that there is any necessary resemblance between the two cases. And if this objection had been made in the court below, it might perhaps have been met by the plaintiff.

Our opinion is that the judgment should be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion approved June 12, 1883.]