FRANK S. ALLEN

*v.*

JOHN HICKEY.

*Filed at Ottawa October 11, 1895.*

APPEALS AND ERRORS—*findings of fact by chancellor upon conflicting evidence will not be disturbed, on appeal.* A finding of facts by the chancellor upon conflicting testimony of witnesses before him will not be reversed, on appeal, unless the error is clear and palpable.

*Allen* v. *Hickey,* 53 Ill. App. 437, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

John Hickey, a resident of Chenoa, McLean county, employed Frank S. Allen, residing and doing business at Joliet, Will county, to prepare plans and specifications for a building at Chenoa and to superintend its erection. A difference arose as to the cost of construction, and on the 19th of December, 1889, Hickey began suit against Allen in the circuit court of McLean county. By some mistake the suit was instituted against F. C. Allen, and the summons directed the sheriff to summon F. C. Allen, but the return on the writ shows that it was served on F. S. Allen. Judgment by default was entered at the April term, 1890, for $2386, against F. C. Allen. Subsequently Hickey filed a bill in aid of execution in the circuit court of Will county, for the purpose of subjecting to sale certain real estate, the legal title to which, it was averred, was fraudulently put in Allen's wife for the purpose of hindering and delaying creditors. Allen and his wife answered, denying all the material allegations in the bill.

At the September term, 1891, Allen filed a cross-bill, charging that on the 28th day of May, 1891, subsequently to the filing of the original bill, Hickey commenced an

action of debt in the circuit court of Will county against him upon the judgment recovered at the April term, 1890, of the circuit court of McLean county, and averring in his declaration that while judgment was originally against F. C. Allen a *scire facias* had issued against Frank S. Allen, by which it was so amended as to read against "Frank S. Allen" instead of "F. C. Allen;" that the suit at law was still pending in the circuit court of Will county; that Hickey had caused a transcript of the judgment aforesaid to be filed .in the office of the clerk and *ex-officio* recorder of Will county, and an execution to issue therefrom and be levied upon the real estate described in the original bill; that he is in nowise indebted to Hickey; that he was never served with process in the suit in which the original judgment was entered, and that it was entered without his knowledge; that the issuance of the *scire facias* and pretended service upon him were void, for the reason that he had never been a resident of McLean county; that the writ was served upon him in Will county, and that no valid judgment had ever before that time been entered against him at the suit of Hickey. The cross-bill prayed for an injunction restraining Hickey from collecting, or attempting to collect, the judgment.

Allen subsequently petitioned the court for an order requiring Hickey to elect whether he would proceed at law or in chancery for the satisfaction of his judgment. There was a hearing of that motion by the court, and the same was allowed upon condition that Allen enter into a certain stipulation, which was agreed to by Allen and was entered of record, as follows:

"And now comes the said Frank S. Allen, defendant herein, and stipulates and agrees that the question as to whether the judgment entered in the circuit court of McLean county, Illinois, on the second day of May, 1890, in favor of the said plaintiff, John Hickey, and against F. C. Allen, for the sum of $2386, damages and costs of suit, was and is a legal and binding judgment upon this

defendant, Frank S. Allen, may be and shall be litigated on the chancery side of this court, in Genl. No. 13,232, wherein John Hickey is complainant and Frank S. Allen and Mary E. Allen are defendants, and that in case the court shall find that issue or question in said chancery cause in favor of the complainant herein, that then judgment shall be entered in the cause at law for the amount due upon the judgment of the said McLean circuit court, with interest and cost of suit, as in case of default and without plea pleaded; and this defendant hereby submits said issue and question to the hearing and determination of the court in said chancery cause, subject to the right of appeal and of writ of error, as in other cases. If, however, under this cross-bill, the court in said chancery cause shall have jurisdiction to inquire into the alleged equities of the defendant to said judgment, and shall grant a final decree perpetually enjoining the enforcement of said judgment, then this stipulation shall not authorize the entry of a judgment in this cause against defendant. And it is further ordered, that upon the said defendant, Frank S. Allen, entering and filing said stipulation in said cause No. 13,427, that said cause be stayed and continued, from term to term, until the determination of said issue and question in this cause; and it is further ordered that this cause, on bill and cross-bill, be and is hereby referred to the master in chancery of this court to take and report proofs."

Thereafter the cause was submitted to the court for trial, upon pleadings and proof, upon the issue whether or not there was service of summons from the McLean county circuit court. The court, after hearing the proofs, entered a decree, in substance finding that there was service of process upon Frank S. Allen, and that the judgment was a valid judgment against him, and refused to hear any evidence on the question as to whether or not Frank S. Allen was in any manner indebted to the said Hickey, and thereupon dismissed the cross-bill. An ap-

peal was taken to the Appellate Court for the Second
District, where, on hearing, the decree of the circuit court
of Will county was affirmed. From the judgment of the
Appellate Court affirming this decree an appeal is prose-
cuted to this court.

HALEY & O'DONNELL, for appellant.

HILL, HAVEN & HILL, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the
court:

As appears from the record in this case the question
presented for the consideration of this court is one of
fact. At the April term, 1890, of the McLean county cir-
cuit court, judgment was rendered against F. C. Allen
for the sum of $2386. The return on the summons shows
that it was served on F. S. Allen January 2, 1890, by
George W. Jewell, special deputy. Appellant contends
that he was never served with such summons. The bill
filed in the circuit court of Will county seeks the collec-
tion of that judgment, and by agreement of the parties
the issue was submitted as to whether there was service
of such summons. Without entering into a full discus-
sion of the evidence on this issue, it is sufficient to say
that it is impossible to reconcile the testimony. The re-
turn on the summons of the special deputy, verified by
his affidavit, shows service on appellant. On the trial
of this issue in the court below, Jewell testified, in open
court, as to the details of this service, and related such
facts and circumstances as indicate very strongly that
his testimony is true. The appellee, Hickey, testified to
the service by Jewell, and two disinterested witnesses,
about the hour that the summons is said to have been
served, saw Jewell standing with a paper in his hand,
talking with appellant. On the contrary, appellant de-
nies positively that any such summons was served upon
him. His testimony is corroborated by that of two wit-

nesses, Smith and Watson, who allege their presence with appellant in Chenoa at the time when service is said to have occurred, and deny the fact of service. These witnesses were all examined in open court, before the chancellor. The testimony is directly contradictory. The court must accept and believe one state of facts and disbelieve the other. The trial judge saw the witnesses and heard them testify, with opportunities of determining the weight and credit to be given their testimony which we do not possess. To authorize a reversal in a case of this character it must appear that there was error in the finding of facts by the chancellor, and such error must be clear and palpable. *Coari* v. *Olsen*, 91 Ill. 273; *Baker* v. *Rockabrand*, 118 id. 365; *Johnson* v. *Johnson*, 125 id. 510; *Voss* v. *Venn*, 132 id. 14; *Ellis* v. *Ward*, 137 id. 509; *Kusch* v. *Kusch*, 143 id. 353.

There is no clear and palpable error in this regard in this record. On the contrary, we think the preponderance of testimony supports the finding of the trial court on this issue, and the judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*