ISADORE TRAGER & others *vs.* NATHANIEL WEBSTER.

Essex.   November 9, 1899. — November 29, 1899.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

*Exceptions — Time for Filing — Statute — Officer's Return — Weight of Evidence — Law and Fact.*

That the decision in a case tried without a jury is announced in open court in the presence of the parties does not take it out of the provision of Pub. Sts. c. 153, § 9, allowing three days for filing exceptions after written notice of a decision from the clerk. Whether St. 1895, c. 153, allowing twenty days for filing exceptions is confined to jury trials, *quære.*

Whether the uncorroborated testimony of the defendant in a case, denying the officer's return of service upon him, is sufficient to overcome such return or not is a question for the tribunal which tries the facts.

CONTRACT, upon a judgment obtained in Florida. Trial in the Superior Court, without a jury, before *Sheldon*, J., who found for the defendant; and the plaintiffs alleged exceptions. The facts appear in the opinion.

*R. B. Kendall*, for the plaintiffs.

*C. A. Russell*, for the defendant.

HOLMES, C. J. This is an action upon a judgment rendered in Florida. The case was tried before a judge without a jury, and he found for the defendant on the ground that there was no personal service upon him. The plaintiffs excepted on the ground that the finding was not warranted by the evidence.

The first question raised is, whether the exceptions were filed in time. The finding was announced in the presence of the plaintiffs' counsel on December 13, 1897, and the exceptions were not filed until December 17. It is argued that St. 1895, c. 153, extending the time for filing to twenty days, applies only to jury trials, and that Pub. Sts. c. 153, § 9, allowing, in cases tried without a jury, three days after written notice of a decision from the clerk, does not apply when the decision is made in open court in the presence of the parties. See *Savage* v. *Blanchard*, 148 Mass. 348. We certainly do not mean to countenance the first half of the argument, and we think that it would be unadvisable to read into the words of Pub. Sts. c. 153, § 9, an exception when a decision is announced in open court. The words apply a simple rule to every case. The proposed exception constantly would raise the question whether the judge really had decided the case or simply had given a preliminary intimation of the way he was likely to go.

We entertain the exceptions simply to say that in our opinion there is nothing in them. It is not disputed that the officer's return could be contradicted. *Carleton* v. *Bickford*, 13 Gray, 591. The defendant testified in words which at least might be found to mean that he never was served personally, and was not in Florida when the service was alleged in the officer's return to have been made. It is argued that the return could not be overcome by the uncorroborated testimony of a single witness, and that one the interested party. But the weight of evidence in these days is measured by more delicate tests than a simple count of witnesses, and such quantitative estimates are not likely to be enforced in this Commonwealth except when established by authority. See *O'Connell* v. *O'Leary*, 145 Mass. 311, 312. No doubt the considerations mentioned in *Driver* v. *Cobb*, 1 Tenn. Ch. 490, *Davis* v. *Dresback*, 81 Ill. 393, and *Davant* v. *Carlton*, 53 Ga. 491, ought to be borne in mind, but whether the evidence should be deemed sufficient or not was a question wholly for the tribunal that tried the facts. *Exceptions overruled.*