## Hyman Kochman v. Elizabeth M. O'Neill.

102     475
a202s   110

1. SERVICE OF PROCESS—*Measure of Proof to Impeach a Sheriff's Return.*—In order to overcome a sheriff's return of service of process, the proof must be clear and satisfactory.

2. SHERIFF'S RETURN—*May be Shown to be Untrue.*—A sheriff's return is, like any other record of a court, *prima facie* evidence of the facts therein stated, and may be shown in law, as well as in equity, to be untrue.

3. CHANCELLOR—*When His Finding Will Not be Disturbed.*—The finding of the chancellor, when based upon the testimony of witnesses in open court, will not be disturbed by a court of review unless they are clearly and palpably wrong.

4. NEW TRIAL—*In Equity.*—A decree for a new trial, entered by the court below in this case, is sustained on appeal.

Bill in Chancery, for a new trial. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed June 23, 1902.

J. JULIUS NEIGER and BLUM & BLUM, attorneys for appellant.

PAM, CALHOUN & GLENNON, solicitors for appellee; ALBERT E. DACY, of counsel.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

Appellant brought case for alleged personal injuries against appellee, and recovered judgment by default for $1,000. After the lapse of the judgment term, appellee for the first time discovered that she had been sued and judgment rendered against her. She filed a bill against appellant and the sheriff to enjoin the judgment and for a new trial in the suit at law, to which exceptions as to part and a demurrer as to the remainder of the bill were interposed and overruled. Thereafter an answer was filed and replication thereto. The cause was heard by the chancellor on evidence taken in open court, and a decree rendered, setting aside the judgment and for injunction as prayed, and granting a new trial in the suit at law. Appellant claims that his demurrer should have been sustained because, he says, the bill shows that he might be entitled to recover not exceeding $40, and it fails to offer to pay what was equitably due to him. The bill does allege that appellant offered to settle for $40, and that the actual damages he suffered, if any, were, at no time, as much as said sum of $40. It also alleges that appellant was not injured or damaged in "any sum whatever," and that appellee has a good and meritorious defense to appellant's alleged cause of action. It further states that, "oratrix is ready, able and willing at all times to pay to the plaintiff any amount" for which she may be justly liable to appellant. We think the bill is sufficient in these respects, and that the demurrer was properly overruled. It is claimed also that the evidence does not justify the decree in two respects, the leading points of the bill, namely, that there was no service of process in the suit at law upon appellee, and that she had a good defense thereto.

The law is well settled in this State that in order to overcome a sheriff's return of service of process, the proof must be clear and satisfactory.  Owens v. Ranstead, 22 Ill. 161–9;  Davis v. Dresback, 81 Ill. 393–6.

It is also true that a sheriff's return is, like any other record of a court, *prima facie* evidence of the facts therein stated, and may be shown in law, as well as in equity, to be untrue.  Owens case, *supra;* O'Connor v. Wilson, 57 Ill. 226;  Blackburn v. Bell, 91 Ill. 434–42;  Sibert v. Thorp, 77 Ill. 43;  Cassidy v. A. T. S. Co., 185 Ill. 431–3;  Greer v. Young, 120 Ill. 184–91.

It is likewise a well-settled rule that the findings of a chancellor, when based upon the testimony of witnesses in open court, will not be disturbed by a court of review unless they are clearly and palpably wrong.  Allen v. Hickey, 158 Ill. 362–6, and cases cited; Siegel v. Andrews, 181 Ill. 350–6;  Hutchinson v. Hutchinson, 96 Ill. App. 52–68, and cases cited; affirmed, 196 Ill. 432.

When this record is considered in the light of these principles, we can not say the decree should be disturbed.  It is not clearly and palpably wrong.

The evidence of appellee is clear and specific that no summons was served upon her on June 29, 1900, when the return of the sheriff purports to show that she was served. She appears to be familiar with such matters.  Her husband looked after her business matters.  Her daughter testifies, in substance, that a man came to the residence of her mother in June, 1900, asking for her mother; that witness told him she was appellee's daughter, when he said, " ' Well, you will do as well,' and he read a paper to me," which witness did not understand; that he said witness should mention that " this paper had been read, and my mother's lawyer would attend to it; " that as she remembered, her mother was not at home at the time, but she told her mother when she came home, that " this man had been there and read me some paper, but I did not understand what the paper was about."  The whole evidence of this witness considered, it tends strongly to show that the deputy sheriff

served the process on the daughter instead of her mother, in the belief that the latter would be fully informed of the suit and he would be saved further trouble in the matter. Appellee's evidence is also corroborated by the evidence of her husband and by Mr. Muir, her attorney, in other cases then pending.

As opposed to this evidence is the testimony of Deputy Sheriff Mr. Erickson, who made the return of service. In our opinion it adds nothing of consequence to the return itself. While he squarely denies the testimony of appellee and her daughter, it is apparent that he had no personal independent recollection of the fact of service of the process upon appellee. His testimony is based mainly upon the fact that he made the return he did, and from his usual course of business in the service of process and making returns thereon. It appears that his district in the city has a large population, and that he often served and made returns on from twenty-five to thirty writs each day, and that his custom was to serve writs in the forenoon and make returns during the afternoon of the same day, or as soon as he got back to the office. This summons was not filed in court until July 9th, ten days after it purports to have been served, but Mr. Erickson could not say but that the return was made just before it was sent to the court. It might well be the learned chancellor was of opinion that Mr. Erickson was mistaken in his testimony, and that the real truth of the controversy, in this respect, was with appellee and her daughter.

It is argued that the defendant sheriff had no interest in the matter, while appellee was vitally interested. We think not. It was quite as important to Mr. Erickson, being responsible, as he was, to the sheriff for the results of a false return, and anxious to maintain his standing and reputation as a public officer, as well as of a citizen, for truthfulness and integrity, to establish the truth of his return, as it was to appellee to have the judgment vacated and a new trial granted.

As to the only remaining point, the defense of appellee to appellant's suit at law, we are of opinion the evidence is

sufficient to bring the case within the rule of the decisions last above cited.

The decree finds, among other things not here questioned by appellant, that the judgment against appellee is inequitable and unjust, and that she "has a meritorious defense to the alleged claim upon which said judgment was entered." The evidence tends strongly to show that appellant was himself pulling a wagon, no horse being hitched to it, along Halsted street near Taylor street, Chicago, at a slow pace, and appellee's wagon, to which were attached a pair of mules, came along behind appellant's wagon. Appellee's driver told appellant to get out of the track because he was going along in a walk; that appellee started to turn out, but the driver did not stop his team quick enough, and the pole of appellee's wagon tipped over appellant's wagon; that appellant then ran up to one of the mules; that the driver warned him not to go near the mule, that the mule might kick; that the mule kicked appellant, which is the only material injury to the appellant which is shown.

We think the whole evidence considered, it tends strongly to show that appellant's injury was caused by his own fault, and that appellee's driver was not guilty of any negligence which caused appellant's injury, and that the finding of the chancellor above quoted is not.clearly and palpably wrong.

There being, in our opinion, no sufficient reason for reversing the decree, it is affirmed.