CROW v. HARDRIDGE et al.

No. 8747—Opinion Filed July 30, 1918.

Rehearing Denied Sept. 24, 1918.

(175 Pac. 115.)

1. Pleading—Demurrer to Answer—Defective Petition.

A general demurrer searches the record and reaches the first defective pleading. Where a general demurrer to the answer is filed, if the petition fails to state a cause of action, such demurrer will be sustained to the petition.

2. Indians — Minor Allottees — Inherited Lands.

The provision of section 6 of an act of the Congress of May 27, 1908, (35 Stat. 312), "that the persons and property of minor allottees of the Five Civilized Tribes shall,

except as otherwise specifically provided by law, be subject to the jurisdiction of the probate courts of the state of Oklahoma" embraces allotted lands inherited by such minor.

3. Same—Deed by Minor.

A deed executed by a Creek Indian minor to allotted lands inherited by him, not being made by his guardian, pursuant to an order of the county court having jurisdiction, is null and void.

4. Same—Validation by District Court.

Such Indian minor being legally incompetent to execute a conveyance of the allotted lands inherited by him, except pursuant to an order of the county court having jurisdiction, the district court is without jurisdiction to give validity to a void conveyance executed by such minor, and a decree of the district court in an action between said minor and his grantee, quieting title in such grantee being void for want of jurisdiction, does not divest such minor of his title.

(Syllabus by Rummons, C.)

Error from District Court, Okmulgee County; Ernest B. Hughes, Judge.

Action by Charles Crow against Edmond Hardridge and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Jay A. Anderson, for plaintiff in error.

James M. Hays, for defendants in error.

Opinion by RUMMONS, C. This action was commenced by the plaintiff in error, plaintiff below, against the defendants in error, defendants below, to quiet title to certain real estate in Okmulgee county and to vacate and cancel a judgment of the district court of Okmulgee county and to cancel, as clouds upon plaintiff's title, certain deeds from the said defendant Edmond Hardridge to the other defendants.

The defendants answered, and thereafter moved the court for judgment on the pleadings. The plaintiff demurred to the answer of the defendants upon the ground that said answer did not state facts sufficient to constitute a cause of action in favor of the defendants nor defense to the petition of the plaintiff. Upon the hearing of the demurrer to the answer the trial court, applying the rule that a demurrer to an answer searches the record, sustained the demurrer to plaintiff's petition and dismissed the action of plaintiff. Plaintiff prosecutes this proceeding in error to reverse such judgment.

The petition, so far as the same is necessary to be considered in the determination of this case, alleges that the real estate in

controversy was orginally allotted to Adam Hardridge, a Creek Indian of the half blood; that the said Adam Hardridge died intestate on or before January 1, 1906, leaving surviving him, as his sole heir at law, the defendant Edmond Hardridge, who became the owner of said land upon the death of his said father; that on December 26, 1908, the defendant Edmond Hardridge conveyed said land by warranty deed to Lewis B. Malone, who thereafter conveyed the same to plaintiff. It is further alleged that the defendant Edmond Hardridge, by Robert A. Grayson, his next friend, commenced an action in the district court of Oklahoma county against said Lewis B. Malone to cancel said warranty deed; that judgment was rendered in said action on May 27, 1911, in favor of Lewis B. Malone, quieting title in said Malone, but requiring said Malone to pay Edmond Hardridge the sum of $1,060 as a balance of the consideration due on the purchase price of said land; that said sum of $1,060 was paid by said Malone to the clerk of said court on May 27, 1911, and that on said date the said clerk paid said sum of money to Robert A. Grayson, the duly appointed, qualified, and acting guardian of said Edmond Hardridge, who was yet a minor. The petition then shows that the judgment pleaded was thereafter opened upon the application of Edmond Hardridge, and that, after further proceeding judgment was finally rendered in said cause in favor of said Edmond Hardridge, canceling his deed to Lewis B. Malone and quieting title in said land in said Edmond Hardridge upon condition that he pay to said Lewis B. Malone the sum of $1,170, being the sum of $1,060 received by Edmond Hardridge for m Malone with interest. The petition then alleges conveyances to the other defendants which are sought to be canceled.

The plaintiff under various assignments of error complains of the sustaining of the demurrer to his petition. The rule is so well established as to need no citation of authority that a demurrer to an answer on the ground that it does not state facts sufficient to constitute a defense searches the record and will reach back to the petition, and, if it be found that no cause of action is stated in the petition the demurrer will be sustained thereto. Sweet v. Boyd, 6 Okla. 699, 714, 52 Pac. 939.

It remains to be seen whether the petition of plaintiff states a cause of action. It appears from the petition that the defendant Edmond Hardridge is a Creek Indian, and that the lands in controversy were inherited by him from his father, a Creek

Indian of the half blood, to whom they were allotted. It further appears from the petition that on May 27, 1911, the defendant Edmond Hardridge was a minor under guardianship. The deed upon which plaintiff rests his title was executed by the defendant Edmond Hardridge on December 26, 1908. It is therefore apparent that at the time of the execution of this deed to Lewis B. Malone the defendant Hardridge was a minor. The land in controversy was not sold, nor was the deed executed pursuant to an order of a county court of this state having jurisdiction. Section 6 of an act of Congress of May 27, 1908 (chapter 199, 35 Stat. 312), provides:

"That the persons and property of minor allottees of the Five Civilized Tribes shall, except as otherwise specifically provided by law, be subject to the jurisdiction of the probate courts of the state of Oklahoma."

Construing this section, it has been uniformly held by this court, as to the allotment of minor Indians, that any alienation thereof, except under the order and supervision of the county court of this state having jurisdiction, is null and void. Jefferson v. Winkler, 26 Okla. 653, 110 Pac. 755. It seems that there has been no adjudication in this court as to the effect of a conveyance by an Indian minor of an allotment inherited by him without the approval and supervision of a county court having jurisdiction.

We, however, can see no distinction in principle between the allotment of an Indian minor and allotted lands of his ancestors inherited by him. The act of May 27, 1908, removed the restrictions upon alienation as to Indians of the class of defendant Hardridge as to both kinds of lands except the homestead allotment if it may be inferred that said defendant Hardridge was of the half blood, which does not clearly appear. In the case of Lula Seminole Roll No. 908, v. Powell, 64 Okla. 200, 166 Pac. 1050, this court, construing Act Cong. April 26, 1906, c. 1876, 34 Stat. 145, says:

"If there be both adult and minor heirs, section 22, Act Cong. April 26, 1906, c. 1876, 34 Stat. L. 145, authorizes the alienation prior to date of patent and without approval of the Secretary of the Interior of the interests of a minor Indian heir of less than full blood in the portion of the allotment other than the homestead, inherited from a deceased Indian allottee of the Seminole Nation, but only by joining in a sale with the adult heirs by guardian duly appointed upon order of court made upon petition filed by him. This section does not authorize an independent or separate sale of the in-

terests of the minor. Therefore a sale of such interest prior to the passage of Act May 27, 1908, c. 199, by guardian, pursuant to orders of court in the exercise of general probate jurisdiction for the support, education, and maintenance of the minor, without joining with the adult heirs in a sale by them, does not pass the title of the minor."

In the case of Brewer v. Dodson, 60 Okla. 81, 159 Pac. 329, Mr. Commissioner Bleakmore, who wrote the opinion of the court says:

"The exclusive plenary power of Congress to legislate with respect to inherited as well as allotted lands of members of freedmen of the Five Civilized Tribes was not impaired by the advent of statehood. Section 1, Enabling Act, supra. And to our minds the language used in the act on May 27, 1908, viz. 'that the person and property of all minor allottees of the Five Civilized Tribes shall, except as otherwise specified by law, be subject to the jurisdiction of the probate courts of the state of Oklahoma,' is sufficiently comprehensive to embrace all property of such minors, including inherited lands, relative to which the federal government had authority to make any law or regulation, and plainly indicates the intention of Congress to exercise its superintending control over such property during the period of minority fixed by that act, by employing the probate courts of the state as federal agencies for that purpose. Clearly it was contemplated that the property of plaintiff, consisting of his allotted and inherited lands, during the period of his minority as fixed by congressional enactment, should be held in trust by guardian subject to the jurisdiction of the county court; and, when said lands were sold and converted into money under the order of the court, there occurred merely a change in the form of such property, which was still charged with the trust, and remained subject to the jurisdiction of the court until plaintiff reached his majority under the federal act."

See Henley v. Davis, 57 Okla. 45, 156 Pac. 337; Okla. Oil Co. v. Bartlett, 236 Fed. 488, 149 C. C. A. 540.

Having reached the conclusion that allotted lands inherited by an Indian minor can only be alienated by a duly appointed guardian under the order of the county court having jurisdiction, it is apparent that the deed upon which plaintiff relies was void. It is contended on behalf of plaintiff that the judgment in favor of Lewis B. Malone quieting title in him was improvidently set aside and remains in full force and effect. We do not deem it necessary to determine this question, since in the view we have taken of this status of the defendant Hardridge these lands could only be alienated pursuant to an order of the county court having jurisdiction, and the district court was without jurisdiction to divest him of his title. Bell v. Fitzpatrick, 53 Okla. 574, 157 Pac. 334; Brewer v. Dodson, supra. It therefore follows that the plaintiff has no title to the lands in controversy, and could not maintain this action. The trial court therefore did not err in sustaining the demurrer to his petition.

The judgment should be affirmed.

By the Court: It is so ordered.