## COURTNEY et al. v. CAMPBELL et al.

No. 20254. Opinion Filed April 15, 1930.

J. E. Whitehead, for plaintiffs in error.

Chastain & Harris, for defendants in error.

Swank & Holland, for Anna Courtney.

CLARK, J. This action was commenced in the district court of Cleveland county,

September 18, 1925, in the name of Anna Courtney, as plaintiff, and Charles E. Campbell, Ida K. Campbell, M. H. Williams, also known as Monroe H. Williams, and Elmer F. Blair, as defendants. The petition filed in said cause alleges that Charles E. Campbell and Ida K. Campbell executed and delivered to the Conservative Loan Company their promissory notes in the sum of $600, together with a mortgage on certain real estate in Cleveland county to secure payment on said note; that said note was sold and assigned to the plaintiff; that she is now the owner and holder thereof, and that the conditions of the note and mortgage have been broken. The petition further alleges that Elmer F. Blair purchased the land described in the mortgage, and under the conditions of the purchase he is personally liable for the payment of the debt created by the note, and prays judgment, against Charles E. Campbell, Ida Campbell, and Elmer F. Blair for the amount of the note and attorney fees, and for the foreclosure of the mortgage. Attached to the petition, and made a part thereof, is a copy of the mortgage together with certificate of the clerk of Cleveland county as to the recording thereof. No copy of the note is attached to the petition. The petition is signed by J. E. Whitehead, attorney for the plaintiff. On the 2nd day of October, 1925, there was filed in said cause a stipulation by J. E. Whitehead, attorney for the plaintiff, and Charles E. Campbell for the appointment of a receiver for the property involved in this action, and on the same day Joseph F. Loche was appointed such receiver and his qualification followed. No further appearance was made by any of the defendants in the case, and no further action was taken in this cause until October 17, 1927. Upon application therefor, the court made an order that one P. A. Wiley, who had obtained a tax deed upon the land described in the petition, be made a party to the action. Wiley filed in this cause his answer and cross-petition, wherein he alleges he was, by reason of the tax deed, the owner of the land involved in the action, and prays that his title thereto be quieted and for possession of the land. Issues were joined on the cross-petition, and on July 11, 1928, a trial of the cause was had, and on July 19, 1928, judgment was rendered for the said P. A. Wiley in accordance with the prayer of his cross-petition. Motion for new trial was overruled October 1, 1928, and the appeal lodged in this court April 1, 1929.

No personal judgment was taken against Charles E. Campbell, Ida K. Campbell, or Elmer F. Blair, who, it is alleged, had become personally liable for the payment of the note. But, while the cause was pending in the trial court and on the 19th day of November, 1926, the defendant Blair and his wife conveyed the land described in the mortgage sought to be foreclosed to J. E. Whitehead. Thereafter, the said J. E. Whitehead and his wife, on the 3rd day of January, 1927, for a recited consideration of $100, executed an oil and gas lease on said land to one Palmer Haworth. Thereafter, on the 4th day of August, 1927, J. E. Whitehead and wife, for a recited consideration of $100, executed an instrument conveying all the oil and gas, coal or other mineral rights in this land, to the Pacific Royalties Company, and which instruments of conveyance are duly recorded in the office of the county clerk of Cleveland county. Anna S. Courtney, the purported plaintiff in this action, has filed in this court her special appearance and motion to deny jurisdiction and to vacate the judgment, and remand said cause to the district court of Cleveland county, with instructions to dismiss all proceedings therein for the reason she at no time filed said suit or authorized the filing of the same; that neither the said J. E. Whitehead nor any other attorney or person who purported or pretended to represent her in said cause in the district court of Cleveland county was ever authorized by her or by any person with authority to represent her to file said action or to cause the same to be filed, or to represent her interest therein in said court in such foreclosure proceedings; that she at no time entered her appearance therein; that no appearance was ever made therein on her behalf with her knowledge or consent; that judgment rendered therein was without jurisdiction of the trial court over her; that she never delivered said note and mortgage to any person involved in the action, nor did they have possession of the note and mortgage, or any evidence thereof; that no part of the same was ever offered in evidence at the trial of said cause except a copy of the mortgage taken from the public record of Cleveland county; that said note and mortgage were in her possession at all times; and that she never placed control thereof in said J. E. Whitehead or any other person for the purpose of bringing action thereon; and that the trial court was without jurisdiction over the subject-matter of the action. Attached thereto, and in support of said motion, is her affidavit wherein she verified the allegations made in said motion, and further says that she is a resident of Waukesha, Wis., and was such during the

time the proceedings in this cause were had, and that she had no information of the proceedings in this cause until the month of December, 1929, which information was gained through attorneys, other than said J. E. Whitehead, whom she employed for the purpose of making collection upon the note and mortgage sued on in this action.

Notice of the filing of this motion has been duly served upon the defendant in error and upon J. E. Whitehead, the attorney who pretended to represent Anna Courtney as plaintiff in this action. The defendant in error has responded by filing herein his motion to strike a certain exhibit attached to the motion to vacate the judgment. It is unnecessary to notice the motion to strike further than to say that the exhibit sought to be eliminated from the motion in no way affects the question of the authority of J. E. Whitehead to represent Anna Courtney in this action.

J. E. Whitehead in his own behalf has responded to the motion and attached certain exhibits thereto, which he claims duly authorized his action in this cause on behalf of Anna Courtney. The movant has replied to the response of J. E. Whitehead and attached thereto certain exhibits. The exhibits, submitted with the respective files of the parties, consist of correspondence between the parties and affidavits stating alleged facts concerning the relation between the parties concerned by this motion.

We find from the record submitted in this cause that the Union Mortgage Company of Dallas, Tex., of which J. E. Whitehead was president, and for which he also acted as attorney, had, prior to January 1, 1924, listed with it a large number of notes and mortgages for collection of the interest thereon by George E. Gerken, a mortgage loan broker, of Waukesha, Wis., among which was the mortgage held by Anna Courtney; that whatever authority was given by this listing was by Anna Courtney revoked prior to the bringing of this action; that neither the Union Mortgage Company nor J. E. Whitehead at any time had in its or his possession the note or mortgage sued on; that the only evidence of the indebtedness that was ever in the possession of the Union Mortgage Company or J. E. Whitehead was the interest coupon note number 3 for $42, falling due January 1, 1924, and which said coupon was on the 25th day of April, 1925, by request of Anna Courtney returned to her uncollected. The letter of the mortgage company, signed by J. E. Whitehead, reciting the return of the interest coupon note number 3, suggested to Anna Courtney that a foreclosure suit should be brought and the willingness of the writer to bring the suit. No showing is made that the Union Mortgage Company or J. E. Whitehead received any further correspondence from Anna Courtney or from anyone with authority to act for her, subsequent to the date of the return of the interest coupon number 3, wherein any authority for the collection of the note and mortgage is conferred or foreclosure authorized. The action filed in the district court of Cleveland county on September 18, 1925, was therefore unauthorized.

This court, in the case of Griffin v. Galbraith, 114 Okla. 208, 247 Pac. 339, announced the rule that:

"The unauthorized appearance of an attorney without his client's knowledge does not confer jurisdiction."

The court acquires jurisdiction over a plaintiff by his voluntary submission of a cause of action to it for determination, and a submission is not voluntary where he has no knowledge thereof.

In the case of McDowell v. Gregory (Neb.) 14 N. W. 899, wherein a judgment was obtained in an action commenced and carried on without the knowledge or authority of the plaintiff, the Supreme Court of Nebraska, upon application of the plaintiff, reversed the judgment and dismissed the action.

We are of the opinion that, under the facts above set forth, this court, as well as the trial court, is without jurisdiction to determine the cause on its merits, and that the judgment appealed from should be reversed. Under section 2, article 7, of the Constitution of Oklahoma, extending to this court supervisory control over all inferior courts, this court is authorized to make such order as will relieve the parties from the consequences of the unauthorized acts of the attorney purporting to represent Anna Courtney in this action. Sheegog v. Town of Lindsay, 127 Okla. 39, 259 Pac. 551.

This action was commenced and carried forward without the plaintiff's knowledge or authority, and is therefore void. The unauthorized appearance of the attorney for the plaintiff was insufficient to give the trial court jurisdiction, and these facts being brought to the attention of this court in the proper manner and clearly established, the proper remedy will be applied to prevent the abuse of officers of the court of their proper functions. The judgment of the trial court is reversed, with directions to said trial court to vacate the judgment entered and dismiss this action.

LESTER, V. C. J., and RILEY, HEFNER,

CULLISON, SWINDALL, and ANDREWS, JJ., concur. MASON, C. J., and HUNT, J., absent.

Note.—See "Appeal and Error," 4C.J. §3227, p. 1190, n. 12. "Courts", 15C.J. §95, p. 798, n. 62.