**STEEN et al. v. WILLIAMS et al.**

No. 21040. Opinion Filed June 28, 1932.

H. A. Hicks and M. L. Thompson, for plaintiffs in error.

Potterf, Gray & Poindexter, for defendants in error.

KORNEGAY, J. This is a proceeding in error, accompanied by a transcript. Apparently the parties started out to make a case-made, but changed their ideas, and the result is that the evidence and a great many of the things that are ordinarily brought in by a case-made are not before us. The proceeding in error is to reverse a judgment rendered in the district court of Carter county on July 18, 1929, which, omitting the recitals leading up to the rendition of judgment, is as follows:

"Now on this the 18th day of July, 1929, this cause coming on again for further hearing and the entering of judgment and in pursuance to the order of adjournment of this court and the parties again appearing as heretofore, and evidence is offered and heard as to the amount of a reasonable attorney's fee, and the court having considered the same and being well and fully advised in the premises, makes and enters his judgment herein as follows:

"It is by the court ordered, adjudged, and decreed that upon the condition as hereinafter made, the petition of the plaintiff, Ben Williams, he being the party appearing as plaintiff in this action and the person whom the court has found to be the true Ben Williams, and the cross-petition of the defendants Will H. Smith and Charles Robert Smith, Jr., executors of the estate of C. R. Smith, deceased, together with the intervening petition of the parties associated with said executors, to wit: Will H. Smith, administrator of the estate of Mary Stuart Smith, deceased, and Will H. Smith, Marie Stuart Smith, Margaret Smith Weeks and Charles Robert Smith, Jr., and that each said petition, said cross-petition and said intervening petition be in all things sustained; that the five instruments appearing of record in the office of the county clerk of Carter county, Okla., each purporting to be signed by Ben Williams and more particularly described as follows:

"(1) Deed by Ben Williams to J. A. Steen, recorded February 5, 1923, in volume 56, deed records, at page 306;

"(2) Attorney's contract by J. A. Steen. and Ben Williams to H. A. Hicks and L. H. Harris, dated July 23, 1922, recorded April 23, 1924, record book 69, Misc. records, page 398;

"(3) Conveyance of minerals by Ben Williams to A. R. Kincaid, dated July 16, 1923, recorded August 31, 1923, Book 67, Misc., page 162;

"(4) Deed by Ben Williams to J. A. Steen dated April 2, 1924, recorded April 4, 1924, Book 58 of deeds, page 429;

"(5) Quitclaim deed by Ben Williams, to J. A. Steen dated June 25, 1926, recorded June 30, 1926, Book 65 of Deeds, page 426; —each of said instruments purporting to affect the lands involved in this action and hereinbefore described, be and the same hereby are in all things canceled and declared null and void and forgeries and as ineffectual to transfer or convey any right or interest in said lands or property, rentals, royalty or revenues therefrom.

"It is further ordered that each and all of the other further and remaining instruments appearing of record in the office of the county clerk of Carter county, Okla., executed under or in pursuance to any of the five foregoing instruments herein adjudged to be forgeries and all such conveyances, contracts, or instruments or record executed by any of the grantees in said forged instruments or by the more remote grantees of such immediate grantees, be and the same are hereby canceled and declared null and void and of no force or effect and especially that each and all of said instruments as described and referred to in the petition of plaintiff or any further instruments based thereon be and are hereby canceled and declared null and void and of no force or effect.

"It is further, and upon the conditions as hereinafter made, ordered, adjudged, and decreed that the purported judgment rendered in cause No. 10748 in this court, styled 'Ben Williams, W. M. Cobb and J. A. Steen, Plaintiffs, v. C. R. Smith, Humble Oil & Refining Company and Gypsy Oil Company, Defendant, be and the same is hereby canceled and vacated and the plaintiffs in said cause No. 10748 and parties claiming under them and being defendants in this action and persons claiming under said defendants, each and all of them. except H. A. Hicks are permanently enjoined and restrained from setting up or asserting any right, title or benefit under said judgment and from enforcing or seeking to enforce the same in any manner: and further that Dennis Williams. a defendant in this action and. whom the court has found to be the person who appeared in the former action No. 10748 as Ben Williams in said former action. be and hereby is in all things so enjoined and restrained from enforcing or seeking to obtain any benefit from said purported judgment.

"It is further and still subject, to said condition as hereinbefore made ordered, adjudged, and decreed that the title and possession of the defendants William H. Smith and Charles Robert Smith, Jr., executors of the estate of C. R. Smith, deceased and the interveners associated and joining with them, in and to the following described land, to wit:

"Northeast quarter (N. E. ¼) of the northwest quarter (N. W. ¼) of the northwest quarter (N. W. ¼) of section nine (9), township four (4) south, range three (3) west. Carter county, Okla., which title and possession said defendants and interveners have held for more than 15 years; be and the same is hereby quieted as against the claims and demands of each and all the other defendants in this action and each and all of the instruments hereinbefore referred to are canceled as against them and the title of the said defendants Will H. Smith and Charles Robert Smith, Jr., executors of the estate of C. R. Smith, deceased, and the interveners associated with them, is in all things quieted and adjudged as invalid (?) as against the claims and demands of the other defendants and of the interveners, A. R. Kinkade, L. McLennan, John T. Wicker.

"To each and all of the foregoing parts of this judgment. the defendants. J. A. Steen et al., and interveners; L. McClennan. et al., except.

"It is further ordered, adjudged, and decreed that H. A. Hicks do have and recover of and from the plaintiff, Ben Williams the defendants Will H. Smith, and Charles Robert Smith, Jr., executors of the estate of C. R. Smith, deceased; Will H. Smith, administrator of the estate of Mary Stuart Smith, deceased, and Will H. Smith Marie Stuart Smith, Margaret Smith Weeks and Charles Robert Smith. Jr., the sum of thirty-three hundred seventy-five ($3.375) dollars. which sum the court finds and fixes as a reasonable compensation to said attorney for the successful prosecution of said action as above referred to, No. 10748, in this court, and No. 16286 in the Supreme Court of this state. and this being the condition above referred to upon which relief is granted to the plaintiff and to said defendants Will H. Smith and Charles Robert Smith, Jr. executors of the estate of C. R. Smith. deceased. and their associates, it is expressly provided that the relief granted to the plaintiff and to said defendants Will H. Smith and Charles Robert Smith, Jr. executors of the estate of C. R. Smith, deceased. and their associates. it is expressly provided that the relief hereinbefore granted to. said parties shall be and hereby is absolutely conditioned upon the payment of said sum. and that without the payment of said sums. said parties shall not be entitled to the relief granted them, that the temporary injunction heretofore issued against the defendant H. A. Hicks be and the same is hereby dissolved

who may be permitted to enforce said judgment to the extent above provided.

"To the foregoing paragraph, the plaintiff, Ben Williams, and the defendants Will H. Smith and Charles Robert Smith, Jr., executors of the estate of C. R. Smith, deceased, and the interveners associated with them, and all the others except.

"It. is further ordered and decreed that upon the payment of as much as eighteen hundred ($1,800) dollars of the foregoing judgment the defendants Will H. Smith and Charles Robert Smith, Jr., executors of the estate of C. R. Smith, deceased, they shall (be) discharged of any and all further liability to the plaintiff, Ben Williams, under their contract of settlement, and the title of said defendants Will H. Smith and Charles Robert Smith, Jr., executors of the estate of C. R. Smith, deceased, shall stand quieted as against all claim and demands of said Ben Williams.

"It is further ordered that all parties to this action shall pay their own costs and shall not recover costs from the other parties. To the judgment of the court as to costs. the plaintiff, Ben Williams, and the defendants Will H. Smith and parties associated with him and each of them, except. All the defendants not above named except to said judgment."

It appears in the proceedings that a compromise agreement was entered into between Ben Williams and the executors and heirs of C. R. Smith, deceased, to pay $3.000 to Ben Williams upon his setting aside the claims of the other parties in the action. It further appears from the briefs that a compromise settlement has been had with reference to some of the allowances made in the judgment to some of the attorneys. Practically all concerned appear to have filed a motion for a new trial, but the compromise settlements have reduced the matters so that only one brief for a complainant is filed by H. A. Hicks and M. L. Thompson on behalf of the named plaintiffs in error against the named defendants in error, set out in the caption. A fair resume of the pleadings is contained in that brief, which is as follows, omitting the caption:

"(1) Defendant in error Ben Williams. as plaintiff below, commenced this action June 12. 1928. in the district court of Carter county against J. A. Steen. W. M. Cobb, Q. Fred Douglass. Ludie Douglass. M. Douglass, H. I. West, W. E. Chandler, H. A. Hicks. Minnie Hicks. B. A. McAlerr. L. H. Harris. A. R. Kinkaid, Fred Hicks, Guy H. Sigler, and P. M. Jackson, engaged in the practice of law under the firm name of Sigler & Jackson: William H. Smith and Charles Robert Smith. Jr., executors of the estate of C. R. Smith, deceased.

"(2) Plaintiff alleges the following:

"(a) That he is the absolute owner of the fee-simple title to:

"Northeast quarter (N. E. ¼) of the northwest quarter (N. W. ¼) of the northwest quarter (N. W. ¼) of section nine (9), township four (4) south, range three (3) west, Carter county, Okla.

"That plaintiff is an adult person about the age of 27 years.

"(b) That various and sundry void and forged instruments appear of record against the above described land.

"(c) That the various heirs of C. R. Smith, deceased, have possession of said land, and have collected large sums in rents and royalties in excess of $12,000.

"(d) A purported Ben Williams obtained a judgment in the district court of Carter county, Okla., on May 29, 1924, being case No. 10748, against C. R. Smith, Humble Oil & Refining Company, and Gypsy Oil Company.

"(e) That said case is pending in the Supreme Court of the state of Oklahoma, and asks an injunction to restrain the successful party from levying an execution in the event that said case is affirmed.

"(f) That plaintiff have and recover possession of said land, that his title be quieted, that the various instruments appearing of record against said land be canceled and that he recover a money judgment against the estate of C. R. Smith in the sum of $12,000.

"To this petition an answer and cross-petition was filed by William H. Smith and Charles Robert Smith, Jr., executors of the estate of C. R. Smith, deceased, and an intervening petition of William H. Smith, administrator, was filed, in which they allege:

"(a) That C. R. Smith deraigned his title through a guardianship deed from Henry Williams. the father and guardian of plaintiff. attaching a copy of said guardianship deed.

"(b) And pray for an injunction restraining the successful party from levying an execution upon said judgment in the event that said judgment is affirmed by the Supreme Court of the state of Oklahoma.

"(c) That cross-petitioners have agreed with the plaintiff Ben Williams upon a compromise in the event that he is successful on the final determination of this action against J. A. Steen, W. M. Cobb, and others.

"To the answer and cross-petition of William H. Smith and Charles Robert Smith. executors of the estate of C. R. Smith, deceased. et al., J. A. Steen et al. filed a motion to make more definite and certain. requiring the said compromise agreement to be set out and the terms and conditions thereof, and filed a demurrer to

said answer and cross-petition attacking the jurisdiction of the court for the reason that said cross-petition seeks to set aside a judgment that had been rendered in the district court and affirmed on appeal by the Supreme Court of Oklahoma; and for the further reason that said cross-petition shows upon its face that their cause of action was barred by the statutes of limitations. That they seek to set aside a judgment for fraud, which judgment is more than four years old and show no reason why said suit has not heretofore been filed. The cross-petition shows on its face that the cross-petitioners have compromised and settled their claim with the plaintiff.

"That thereafter said motion to make more definite and certain was overruled and said demurrer was overruled, to which ruling of the court defendants J. A. Steen et al. excepted. That the defendants J. A. Steen et al. filed their answer and cross-petition denying and asking for affirmative relief, and various other pleadings were filed, which made the issues in this cause.

"That on the 14th day of September, 1928, a temporary injunction was issued by the district court of Carter county, Okla., temporarily restraining and enjoining from enforcing or seeking to enforce the judgment rendered in the case of Ben Williams et al. v. C. R. Smith et al., No. 10748 in the district court of Carter county (which judgment was affirmed by the Supreme Court of Oklahoma, 132 Okla. 141, 269 P. 1067, on January 17, 1928, and petition for rehearing denied on September 11, 1928).

"That on the 18th day of July, 1929, a judgment was rendered by the district court of Carter county in this cause, sustaining the petition of the plaintiff and the cross-petition of Charles R. Smith and William H. Smith, executors of the estate of C. R. Smith, deceased, and the intervening petition of Will H. Smith, administrator of the estate of Mary Stuart Smith, deceased, et al., and allowed an attorney's fee to H. A. Hicks in the sum of $3,375, said sum to be paid out of the compromise perfected between the plaintiff and the executors and heirs of the estate of C. R. Smith, deceased. That all parties except H. A. Hicks were permanently enjoined and restrained from setting up or asserting any right, title, or benefit under said judgment, being cause No. 10748."

Proposition No. 1 is as follows:

"The court erred in overruling the demurrer of J. A. Steen et al. to the cross-petition of William H. Smith and Charles R. Smith, Jr., executors of the estate of C. R. Smith, deceased, and William H. Smith, administrator of the estate of Mary Stuart Smith, deceased, et al."

Under that proposition, the argument is made that the judgment of this court, affirming the original case, in which everybody concedes the real Ben Williams did not appear and was not represented, was binding on the real Ben Williams when he appeared and was also binding on the Smiths who were sued in that case.

Proposition No. 2 is as follows:

"The court erred in not dismissing said cause of action for want of jurisdiction."

Under that head the argument is made that the lower court did not have jurisdiction to annul the judgment that was had in the case wherein a feigned plaintiff appeared and claimed that he was the present plaintiff, which apparently is conceded to be the fact.

Proposition No. 3 is that the court erred in not rendering judgment on plaintiff in error's plea of the statute of limitations, and the argument is made that under section 183, C. O. S. 1921, a person is barred from bringing an action to recover real property five years after the date of the recording of the guardian's deed, and also under section 184, C. O. S. 1921, is barred by the two-year statute, pertaining to legal disabilities, and also by the statute of three years, section 1496, C. O. S. 1921.

In the answer brief on behalf of the Smiths, a summary is made of the pleadings and the situation arising out of the first case, and the judgment of the court vacating the original judgment, and the conditions requiring payments to be made to the attorneys. At page 14, we find the following:

"Of course, the Smiths felt and still feel that the trial court grievously erred in making any condition for the payment of attorney fees to H. A. Hicks and that they were entitled to their relief absolutely and unconditionally. However, it appears from the record that this issue was later compromised and no appeal was taken or is taken by the Smiths from that part of the judgment.

"The question before this court is simply whether, under the facts alleged in the cross-petition of the Smiths, and sustained by the court, the court had authority to grant the relief which it did grant the Smiths. In substance, the question is whether when a suit brought by an imposter, falsely personating the party named as plaintiff and this fact later is discovered, may the judgment be vacated by reason of this fraud?"

Argument is made as to the discovery of the fraud being within the last 12 months, and the further contention is made that in the original suit none of the Smiths suspected that the party waging the suit was not the original Ben Williams, and comment is made upon its not being made a question,

and that when attorneys apparently appeared for him no questions ordinarily would be asked, and that attorneys ordinarily were not called on to prove their authority, the language of the brief being, referring to the plaintiff:

"His identity is assumed, taken for granted. The attorneys who appeared for the plaintiffs in the original trial were not required to prove their authority. Very seldom is it required. Reputable attorneys would take it as an affront to demand such proof.

"In the original action the parties took advantage of these presumptions and perpetrated a fraud upon both the court and opposing parties.

"Of course, we realize that it would be possible to raise in any case an issue as to the identity of the plaintiff, but it is very unusual, and our cross-petition alleges no such issue was raised.

"The fraud in this case was fraud as to the jurisdictional facts. Ben Williams never came before the trial court in cause No. 10748. The trial court thought that it had jurisdiction of Ben Williams and of the action. It was induced so to think by fraud. This was fraud as to jurisdictional facts and fraud extraneous of the issues. Under such circumstances any judgment will be vacated.

"See 34 C. J. 470 to 471.

"'A court of equity upon a proper application will relieve against or enjoin a party from enforcing a judgment which he has obtained by means of fraud, where such fraud is extraneous to the issues in the proceeding attacked and especially where the court has been imposed upon by such fraud: and it is said to be immaterial, when a judgment is attacked on this ground, whether it is denominated a "direct attack" or a "collateral attack".' "

The case of Jones v. Snyder (Opinion withdrawn and not officially published) 233 P. 744, is quoted from as follows:

"'Direct attacks include equitable actions to vacate judgments and proceedings for fraud extraneous of the record, by which a party is prevented from having his day in court, or by which the court itself is imposed upon. This inclusion is clearly announced in Brown v. Trent, 36 Okla. 239, 128 P. 895, thus:

"'"An attack upon a judgment for fraud in its procurement is a direct attack, over which courts of equity take jurisdiction, and no well considered case can be found in which such jurisdiction is denied."' "

That was held and rehearing denied February 24, 1925. The same case as reported in 121 Okla. 254, 249 P. 313, in an opinion filed May 11, 1925, rehearing denied September 21, 1926, reaffirms the doctrine.

The brief continues as follows:

"And in a later decision of this case, Jones v. Snyder, 121 Okla. 254, 249 P. 313:

"'If, by fraud and misconduct, one is granted an unfair advantage in proceedings at law where the court has been deceived and thereby made an instrument of injustice, equity will interfere to prevent the perpetrator from reaping the benefit of the advantage thus unfairly gained.

"'In such cases it matters little as to the mode or manner in which fraud is effected. A court of equity looks to the effect, and asks if the result is a consequence of the fraud.

"'In equity, "fraud" includes all acts, omissions, or concealments by which one person obtains advantage against conscience over another, or which equity or public policy forbids as being to another's prejudice (citing Words and Phrases, "Fraud.")'

"But for a possibly more instructive case, see El Reno, etc., Co. v. Sutton, 41 Okla. 297, 137 P. 700."

Quotations are made from this last case, as well as from the case of C., R. I. & P. Co. v. Callicote, 267 Fed. 799, 16 A. L. R. 386, and Courtney v. Campbell, 143 Okla. 5, 286 P. 872.

Under the doctrine of these decisions, it appears that the original judgment was void for lack of jurisdiction, and can be set aside under the provisions of section 563, Okla. Stat. 1931, at any time. It is not necessary to go into detail as to the fraud entering into that judgment, but suffice it to say that if the plaintiff did not appear in person, and his name was used without authority, there was no suit in court. As to the proposition of bringing an action to set aside deeds made in the guardianship proceedings, the parties that could here complain of that appear not to be relying on it now, as they have settled their difficulties with the real owner of the land, a former minor.

An examination of the cross-petition of the defendants in error, overruling of demurrer to which is complained of, is convincing that so far as the parties here complaining are concerned, it stated a cause of action

Finding no reversible error in the case, the cause is affirmed.

RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.