## COOK v. VINCENT et al.

No. 15307—Opinion Filed July 14, 1925.

**1. Taxation—Validity of Resale Tax Deed —Statutory Requisites.**

The record to support a resale tax deed must show that every provision of the statute has been complied with in making such deed.

**2. Same—Insufficiency of Publication Notice of Sale.**

Where a resale tax deed shows on its face that the four successive weeks required for publication did not run before the sale, the deed is void.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Pittsburg County; Enloe V. Vernor, Assigned Judge.

Suit in ejectment by P. L. Cook against C. H. Vincent et al. on a resale tax deed to recover possession of certain real estate in the city of Hartshorne, Okla., and for rents and profits. Judgment for defendants and interveners and plaintiff appeals. Affirmed.

Hulsey, Null & Hulsey, for plaintiff in error.

Counts & Counts, for defendants in error.

Opinion by MAXEY, C. This case involves the validity of a resale tax deed. The trial court sustained a demurrer to the petition, after permitting the plaintiff to introduce his testimony, so that we have the benefit of plaintiff's testimony in the case. After the plaintiff had introduced his testimony, the court permitted the defendants to withdraw their answer and cross-petition and resubmit their demurrer to plaintiff's petition. The court sustained the demurrer to plaintiff's petition on the 2nd and 3rd grounds, which are as follows:

"Second. That the resale tax deed attached to and made a part of plaintiff's petition is void upon its face, for the reason that the property therein attempted to be conveyed by said tax deed was purchased by Pittsburg county, Okla., for delinquent taxes on the third day of November, 1919 and that two years and four successive weeks' time was not given from the date of purchase of said property by Pittsburg county, Okla., until the same was attempted to be sold at said resale as shown by said deed. Third. That said resale tax deed was issued without authority of law and is void upon its face."

We think the court was right in sustaining this demurrer. Without going into the entire recitals in the deed we will refer to one. The law in force at the time of this tax sale was section 9744, Comp. St. 1921. The applicable part of that section to the question herein involved is as follows:

"The treasurer shall give notice of sale of such real estate by the publication thereof once each week for four consecutive weeks preceding the sale in some newspaper in the county," etc.

The record in this case shows that the two years that had to run before there could be a resale expired on the 3rd day of No-

vember, 1919, and that the sale was made on the 28th day of November, 1919, or 25 days after the expiration of the two years. It is patent on the face of the deed that the four consecutive weeks could not run between the 3rd and the 28th of November. Therefore, the necessary time required for notice of sale is lacking, and that of itself renders the deed void and justified the court in sustaining the demurrer.

This resale tax law was passed in 1915, and has been amended by the Legislature every session since that time and there have been many decisions construing this resale tax law, and in nearly every instance the sale has been declared void, because of some defect in the proceedings. We call attention to Adams v. Mottley, 97 Okla. 230, 223 Pac. 356; Adams v. Heirs of McKinney et al., 98 Okla. 144, 224 Pac. 692; Pierce v. Barrett, 93 Okla. 283, 220 Pac. 652; Tibbetts v. Reynolds, 101 Okla. 119, 223 Pac. 185; Adams v. Callander, 93 Okla. 228, 220 Pac. 344.

A reading of the foregoing cases construing this resale tax law will show that the deed in the instant case is void.

There are so many requirements in the law in regard to these tax resale deeds that it seems that the county treasurer has not been able to comply with it, and for that reason the deeds issued under said law have been declared void. It may be that this law ought to be rewritten or repealed, but so long as it is on the statute book, we must enforce it according to our best understanding. There was a receiver appointed by the court below that should be disposed of in accord with this opinion.

Let the case be affirmed and remanded for further proceedings, not inconsistent with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 37 Cyc. p. 1438.