## COFFEYVILLE VITRIFIED BRICK & TILE CO. et al. v. ARCHER et al.

No. 19482. Opinion Filed May 27, 1930.

A. A. McDonald, for plaintiffs in error.

G. L. Grant, for defendants in error.

DIFFENDAFFER, C. This action was commenced in the district court of Le-Flore county by defendants in error, hereinafter referred to as plaintiffs, against the Coffeyville Vitrified Brick & Tile Company and Bob Pilgrim to enjoin that company and Pilgrim from obstructing and tearing up or destroying certain streets and alleys in the unincorporated town of Arkoma. A temporary order was obtained and defendants filed a combined answer and motion to dissolve. Hearing was had, and the motion to dissolve was denied and the temporary injunction was made permanent. A new trial was granted, and in the meantime the brick and title company transferred all of its holdings and interests to the United Clay Products Company, and one Fred L. Dickey was appointed receiver for said company. The United Clay Products Company and Dickey, its receiver, asked and obtained leave to intervene and be made parties defendant. These parties will hereinafter be referred to as defendants. A second trial was had, resulting in judgment in favor of plaintiff, and defendants appeal.

The substance of plaintiff's complaint was that the land embraced within the town site of Arkoma was platted for town-site purposes in 1908; that the streets involved, designated as Riverside Drive, Sherman avenue and Sumner avenue, together with various other streets and avenues, were laid out and dedicated to the public as public thoroughfares, etc., as shown on a plat of said town site filed in the office of the recorder of deeds; that the brick and title company owned and operated a brick and tile manufacturing establishment adjacent to the town site, obtaining the material from land adjoining the town site; that said business had been carried on for a long period of time, and the company had used nearly all of its available material outside of the town site; that the defendant company owned a block and a portion of another block of land within the town site, and was intending, threatening, and about to dig up and excavate the earth from a portion of the streets near plaintiffs' property, together with the earth of its said land within the town site, and close said streets or certain portions thereof, and destroy said streets and render it impossible for plaintiffs and the public generally to use said streets or portions thereof for the purpose of travel; that plaintiffs were owners of certain property adjacent to, or near, the streets and portions of streets involved; that if defendants continued their acts and carried out their threatened acts, said streets and portions of streets would be rendered useless and impossible of repair, etc., and plaintiffs would be deprived of the use of said streets and greatly inconvenienced and deprived of the use of their property.

Defendants' answer and motion to dissolve was in the nature of a general denial, and certain affirmative allegations, in substance, that the company was the owner of certain lots and tracts of land within said town site, and was operating said brick plant for a long time prior to the time plaintiffs became the owners of the property which they claimed; that plaintiffs knew when they purchased their lots that defendant company was the owner of said lots and parcels of land within said town site, and well knew that the only purpose for which the defendant company held its said property was to use the clay and earth therefrom in making brick and tile; that prior to any acts on defendants' part in closing or attempting to close said streets, it presented its petition for permission so to do to the township board of the township in which said unincorporated town site of Arkoma is located, and obtained from said township board permission to close said street; that the streets and parts of streets sought to be closed are not used by the public, and have never been used by any one except occasionally, and are almost

in an impassable condition; that the petition to close said streets and alleys was signed by every property owner in the part of the town site affected except plaintiffs; that when said petition was granted by the township board, defendant, in good faith, thinking the township board had authority to grant said permission, proceeded to close certain of the streets involved, or parts thereof, by building a fence across same, thinking it had a right so to do; also, that they had presented a petition to the district court for authority to close said streets and given the notice required by law in such cases. Both parties say in their briefs that the action for injunction brought by plaintiffs and the proceedings upon the petition of defendant company to vacate the streets and alleys, or parts thereof here involved, were consolidated and tried together. However, there is nothing in the record to indicate this except the title of the motion for new trial filed by defendants, and perhaps an inference to that effect in one paragraph of the journal entry of judgment. None of the pleadings in the so-called petition to vacate are in the case-made. There is no order showing said causes to have been consolidated, and nothing whatever except, as stated above, to indicate that the cause was tried upon any issues other than those joined in the injunction proceedings. The cause was tried and evidence presented by both sides, and at the close thereof the judge decided to go to the property involved in the suit and view it himself, which he did on January 21, 1928, and thereafter entered his findings and judgment making the temporary order permanent, enjoining defendants, their agents, successors, and assigns from ever thereafter operating their business in such a way as to obstruct, injure, or destroy the streets or alleys named in the petition, or to disturb the town site in the manner described in said petition. From this judgment, defendants appeal.

The judgment is assailed as being contrary to law; contrary to the evidence; not supported by the evidence; and contrary to the weight of the evidence; and error in making the temporary order permanent.

Therefore, the only question raised by the appeal is whether or not the judgment is against the clear weight of the evidence.

The evidence on the part of plaintiff was to the effect that the streets and parts of streets involved were used as public highways during the four years next preceding the trial, and particularly as to Sumner avenue and Riverside Drive to the extent of some 25 or 30 cars on each street each day. One of the plaintiffs, H. M. Thackery, testified that his property was located on Sherman avenue and Riverside Drive; that he uses these streets and would be forced to go quite a distance out of the way if that part of Riverside Drive involved herein was closed; that some six families lived on Riverside Drive, and frequently used that street.

Plaintiff Thackery lives in the southeast corner of block 1, an irregularly shaped block in the northeast corner of the town site. Riverside Drive runs in a northwesterly and southeasterly direction along the northeast side of the block. Sherman avenue runs along the south side of the block and intersects Riverside Drive at the southeast corner of the block. That part of Riverside Drive involved runs southeast from the corner of block 1 towards Sumner avenue, which runs from this point east to the east line of the town site, which appears to be the state line, at a point at or near the city of Ft. Smith, Ark.

The part of Sherman avenue involved is one block running west from the southeast corner of block 1 to Celia street, which runs south from that point to the state highway running into Ft. Smith. The part of Sumner avenue involved runs from Celia street east nearly to the state line. So that, if these parts of the streets involved were closed, Thackery would be compelled in going from his home to the business part of town, or to Ft. Smith, to drive north and west around block 1 to Choctaw avenue, and back south and east a distance of five or six blocks further than if the streets were not closed.

Defendants' evidence was, in substance, that the parts of the streets had been used but little, and particularly Sherman avenue. None of defendants' witnesses testified that the streets were not used at all, except perhaps Sherman avenue. Defendants' evidence was directed mostly to the two years next preceding the trial. It was also shown that these streets were not worked or kept in repair after the township board granted permission to close same. This was the period covered for the most part by defendants' evidence.

In addition thereto the court viewed the premises. His finding of fact was, in substance, that plaintiffs Archer and Vail would not be injuriously affected by vacating the streets as proposed, but that defendant Thackery and his property would be injuriously affected thereby.

In view of the premises, we cannot say

that the judgment is against the clear weight of the evidence, particularly so, in view of the fact that the court viewed the premises and was thus placed in a position where he could better understand the testimony of the witnesses and weigh the evidence.

It is, of course, conceded that this is an equity action, and was tried as such. Under the well-established rule that the finding and judgment of the trial court in a case of purely equitable cognizance will not be reversed unless the same be against the clear weight of the evidence, the judgment should be affirmed.

BENNETT, HERR, HALL, and EAGLETON, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 2 R. C. L. p. 206; R. C. L. Perm. Supp. p. 379. See "Appeal and Error," 4 C. J. §2870, p. 900, n. 96. "Municipal Corporations," 44 C. J. §3758, p. 971, n. 19.