## MERIWETHER v. BROWN et al.

No. 26507.   May 25, 1937.

Rehearing Denied July 13, 1937.

Twyford & Smith, Thompson, Thompson & Sutton, and William J. Crowe, for plaintiff in error.

Ledbetter & Ledbetter, for defendants in error.

PER CURIAM.  On June 10, 1933, Gilmer Meriwether brought suit against Mattie T. Brown et al. to quiet title under tax deed issued to him and recorded June 13, 1932. The deed was issued pursuant to tax certificate purchased by him at tax sale held November 5, 1928, and notice of application for tax deed which was dated August 3, 1931, and served on or before August 14, 1931. The answer denied that plaintiff was in possession of the land, asserted that the defendants were in possession of the land, and denied specifically that several statutes prescribing procedure with reference to tax sales had been complied with. The plaintiff in the action, as stated by his counsel in open court, desired to be protected in the investment made for the tax certificate and was not desirous of taking title to the land. No tender of the taxes paid or accrued was made by the defendants. The cause was tried to the court without the intervention of a jury.

The defendants' contentions were stated by counsel in his opening statement, as follows:

"First, there was no return of sale filed by the treasurer either in the treasurer's office or the county clerk's office. Second, no notice of sale given, as provided by statute, the original sale. Third, that the sale was not held at the time or place as provided by statute. We will show that by the sheriff's deed itself."

The regularity of the tax deed in form does not appear to have been questioned before the trial court, and it is not questioned in the argument or briefs of counsel in this court.

The evidence introduced consisted of the tax deed, the tax certificate received at the sale November 5, 1928, and the notice of application for tax deed with the sheriff's return of service endorsed thereon, and the testimony of three witnesses. The county treasurer testified that he had made search of his office and had not found a return of the November 5, 1928, sale on file in his office; that many old records had been moved to a storeroom, and, on being asked if no return had been filed, stated that he had been informed by a former deputy of the office that such a return had been filed in the treasurer's office. He further testified that the former county treasurer was dead. It was stipulated that a former deputy county treasurer would have testified, if present, that he had searched unsuccessfully in the office to find the return of the November 5, 1928, sale. A deputy county clerk testified that that office had a place to file returns of tax sales; that she had not been able to find the return of the November 5, 1928, sale in the files.

The trial court rendered judgment for the defendants on his findings to the effect that no return of the 1928 tax sale had been filed in the office of the county treasurer and no return thereof had been filed in the office of the county clerk.

From this judgment the plaintiff has appealed.

On the motion for new trial, it was made to appear that the notice of the November 5, 1928, tax sale was duly and regularly published. But we cannot give consideration to that in determining the sufficiency of the evidence on the trial.

The evidence introduced is insufficient to sustain a finding that the return of this November 5, 1928, sale was not filed in the office of the county treasurer. The testimony of unsuccessful search for the return in the office of the county treasurer as testified to in this cause was insufficient to establish that no return of that sale had been filed in that office.

If the testimony of search were sufficient to establish the nonfiling of the return of that sale in the office of the county clerk, the failure to so file the return would be insufficient to destroy the tax deed. Jepeway v. Barrett, 165 Okla. 220, 25 P. (2d) 661.

The failure of the defendants to tender the taxes paid pursuant to the provisions of section 12761, O. S. 1931, precluded the defendants from obtaining judgment. By said section it is required that one defending a title must "tender in open court for the use of the holder of the tax deed, all taxes, penalties, interests and costs, which the party seeking to redeem would be bound to pay if he was then redeeming the land from tax sale, and on failure so to do, his action or defense, as the case may be, shall be dismissed." Wetzel v. Lessert, 169 Okla. 294, 36 P. (2d) 750; Sarkeys v. Lee, 149 Okla. 287, 300 P. 383.

The cause is reversed and remanded, with directions to grant the plaintiff a new trial, and proceed consistently with the views herein expressed.

The Supreme Court acknowledges the aid of Attorneys W. L. Eagleton and Roscoe E. Harper in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Eagleton and approved by Mr. Harper, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, CORN, and HURST, JJ., concur. GIBSON, J., concurs in conclusion.