**STREET, Adm'r, v. DEXTER.**

No. 27624. Feb. 8, 1938.

Rehearing Denied March 29, 1938.

Leo G. Mann and C. J. Brown, for plaintiff in error.

C. C. Wilkins and Keller & Cameron, for defendant in error.

PHELPS, J. The defendant in error, as plaintiff, instituted his action against the plaintiff in error, as defendant, to quiet title to certain real estate in Love county.

The parties will be referred to as they appeared in the trial court. Plaintiff claims title to the land by virtue of an unrecorded warranty deed, from E. M. Proctor and Nettie Proctor, and G. V. Pardue, and also quitclaim deed from A. J. Walters and Mary J. Walters. The last-named grantors' interest in the land is based on a deed from the chairman of the board of county commissioners of Love county.

In his petition plaintiff alleges that the defendant claims some right, title, or interest in the land adverse to the title of the plaintiff, based on the following instruments: A deed executed by the treasurer of Love county to E. S. Hallock, a quitclaim deed executed by E. S. Hallock to W. E. Robinson, a mortgage from W. E. Robinson to E. S. Hallock, notice lis pendens, order of confirmation of sheriff's sale in case 58428 in the district court of Oklahoma county, and a sheriff's deed executed by the sheriff of Love county to E. S. Hallock. Plaintiff alleges that the deed executed by the treasurer of Love county to E. S. Hallock is void on account of certain irregularities, that the remaining instruments in Hallock's chain of title are void on account of fraud perpetrated on the district court of Oklahoma county in that no service of summons, by publication or otherwise, was had upon E. M. Proctor, who, admittedly, was the record owner of the land previous to the issuance of the tax deed to Hallock.

Defendant answered by general denial and affirmation of the validity of the tax deed and the proceedings in cause 58428. He admits the execution of the deed from the Proctors and Pardue to the plaintiff, but alleges that it is champertous and void and that the title and interest of Proctor was extinguished by the instruments composing defendant's chain of title and by the judgment in the district court of Oklahoma county. He also challenges the validity of the conveyances executed by the officers of Love county in plaintiff's chain of title. By cross-petition, defendant asked for judgment quieting title in him. The trial court rendered judgment for the plaintiff, holding invalid the resale tax deed issued by the county treasurer to the board of county commissioners of Love county in the chain of title claimed by plaintiff. Likewise, the court held void the deed issued by the county treasurer of Love county to E. S. Hallock; the quitclaim deed executed by Hallock to W. E. Robinson; the mortgage executed by Robinson to E. S. Hallock and foreclosed in the proceedings in the district court of Oklahoma county in cause number 58428; the judgment entered therein and the sheriff's deed executed by the sheriff of Love county to E. S. Hallock, pursuant to the judgment in the Oklahoma county case.

The judgment of the trial court is based, primarily, on the ground that E. M. Proctor was not served with process in cause No. 58428 in the district court of Oklahoma county and did not authorize anyone to enter appearance for him in said cause.

It appears from the record that Proctor, the record owner of the real estate involved and a party defendant in cause No. 58428 in Oklahoma county, was not served with process in that case; it appears further that Proctor did not enter his appearance in the action, unless the demurrer filed by certain attorneys representing other defendants in said action amounted to an appearance binding on Proctor. Cause 58428 was an action to foreclose a mortgage and to quiet title to certain real estate in Oklahoma and Love counties. There were 49 defendants named in the action. A general demurrer listing E. M. Proctor, J. R. Dexter, the plaintiff herein, and others as defendants, signed by Wilkins & Wilkins and J. B. Moore, as attorneys, was filed in the case. Plaintiff contends that the name of Proctor was included in the demurrer by mistake and inadvertence, and that such appearance was wholly unauthorized. In support of this contention Edward M. Proctor, a witness for plaintiff, testified, in substance, that he moved from Love county to New Mexico in 1925, where he still resided; that on leaving Love county he left a tenant on the premises with instructions to deliver the rents to J. R. Dexter, the plaintiff, who held a mortgage on the land. The witness testified further that he had no knowledge of the proceedings in cause 58428 in Oklahoma county until June, 1935. That he was acquainted with the firm of Wilkins & Wilkins, but did not know S. A. George or J. B. Moore, attorneys, that at no time did he authorize any of the attorneys named, or anyone else, to enter his appearance in the suit in Oklahoma county.

C. C. Wilkins, a witness for plaintiff, testified in part as follows:

"Q. Did you appear for anyone in the case pending in the district court of Oklahoma county, No. 58428, E. S. Hallock, Plaintiff, W. E. Robinson et al., Defendants? A. Yes, sir, I file—I represented and filed a demurrer in that case for the defendant, William H. Vaughn and Maggie Vaughn. Q. Did you appear for anyone else in that case except for those? A. No, sir. Q. I

hand you a demurrer filed by certain defendants in that case, No. 58428, and ask you if you signed that? A. No, sir; I didn't sign that. That name of 'Wilkins & Wilkins' is not my signature at all. Here is my signature. The one introduced is a different signature entirely. * * * I filed pleading in there for William Vaughn and his wife and the firm of Moore & George filed pleadings in that case for Mr. J. R. Dexter; the attorney for the plaintiff in that case and Mr. Moore had judgment entered that we didn't know anything about. After the judgment was entered, * * * we found out judgment was entered and we made application to the judge in Oklahoma county to set aside the default judgment he had entered, because we didn't know anything about it, and Mr. Moore called me over the 'phone from Oklahoma City and told me he had the judgment set aside, and I told him to file a demurrer—file pleading and sign my name to it for William H. Vaughn, but I didn't include anybody in it but Mr. William H. Vaughn. * * * I didn't represent Mr. Proctor and I didn't authorize Mr. Moore to include his name in that demurrer. I had talked to Mr. Moore over the 'phone and authorized Mr. Moore to include in that demurrer Mr. Vaughn, and through error Mr. Moore included Mr. * * * (Interrupted.)"

The plaintiff, J. R. Dexter, recalled as a witness, testified that he had a written order from E. M. Proctor to collect the rent from the premises involved and apply the proceeds on the mortgage held by the witness; that at no time did he have authority from Mr. Proctor to represent him, or to employ counsel to represent him, in any lawsuit; that witness was a defendant in cause No. 58428 in Oklahoma county and was represented in said action by Moore & George, attorneys.

Mr. J. B. Moore was not produced as a witness by either party to this litigation.

A stipulation was filed in cause 58428 in Oklahoma county on behalf of certain defendants wherein it was agreed that the defendants named might redeem certain lands involved in the proceeding, including the land involved in the case at bar, upon payment within six months from the date of the judgment of certain sums mentioned in the stipulation. The stipulation is signed:

"Twyford & Smith, Leo G. Mann, attorneys for plaintiff E. S. Hallock, for defendant W. E. Robinson, and for L. M. Langley.

"Moore & George, attorneys for defendants, Ed R. Moulton, W. S. Crockett, Henry Schielein, Louisa Schielein, J. R. Dexter, and Catherine McGann.

"C. C. Wilkins, attorney for William H. Vaughn, and Maggie Vaughn."

In this stipulation it appears that no one assumed to represent the defendant E. M. Proctor.

The judgment in the cause in Oklahoma county does not name E. M. Proctor as a defendant upon whom process was had either personally or by publication. It includes the defendant Proctor among those appearing by "pleadings filed herein." The only pleading claimed to have been filed by Proctor is the demurrer filed by defendants represented by Moore & George, attorneys. The evidence is conclusive that such appearance was wholly unauthorized by Proctor, who had no knowledge of said action until 1935. The purported appearance was occasioned, doubtless, through inadvertence and mistake.

The question arises: Did E. M. Proctor appear in cause No. 58428 in the district court of Oklahoma county? It is not seriously contended that he appeared unless the filing of the demurrer by Moore & George, attorneys, constituted an appearance. The rule applicable to appearances by attorneys is stated in 2 R. C. L., page 235, as follows:

"* * * Where an attorney at law appears for a defendant not served with process, the presumption is that he was authorized to do so; in other words, his appearance is prima facie evidence of his authority, * * * but when such authority is denied or properly put in issue, it is competent to rebut by proof any presumptions which may arise from such acts. If the attorney was without authority, then his acts could bind no one.

"Where the court acquires jurisdiction of an action solely by the appearance of an attorney, the party for whom the appearance was made may deny the authority of such attorney, and, if the appearance was unauthorized, may secure the vacation of the judgment, but the want of authority must be clearly made to appear, in order to warrant the court in vacating the judgment."

In Griffin v. Galbraith, 114 Okla. 208, 247 P. 339, we held:

"The unauthorized appearance of an attorney without his client's knowledge does not confer jurisdiction."

In the body of the opinion is found this language:

"Section 7 of article 2 of the Constitution of the State of Oklahoma provides: 'No person shall be deprived of life, liberty or property without due process of law.' To hold that a defendant could be deprived of his property without service, without his day in court, would be depriving him of property without due process of law, and in contravention of this section of the Constitution.

"By the weight of the authorities and the better reasoning, a court of equity has jurisdiction to vacate or otherwise relieve against a judgment in a cause at law in which the defendant was not served with process and of which suit he had no notice."

In Hatfield et al. v. Lewis, 110 Okla. 98, 236 P. 611, this court, in the syllabus, held:

"Where one of several codefendants is a nonresident and has not been served with process, and has neither voluntarily appeared nor authorized an attorney to appear and plead for him, nor authorized a codefendant or any other person to employ counsel for him, such defendant is not bound by any act of an unauthorized attorney, and a judgment rendered against such defendant is void and a nullity."

Hirsch Bros. & Co. v. R. E. Kennington Co. (Miss.) 124 So. 344, 88 A. L. R. 1; Fleming v. Boulevard Highlands Imp. Co. (Colo. App.) 54 P. 859; 2 Ency. Pleading and Practice, p. 690.

Defendant argues that plaintiff is estopped from challenging the judgment against Proctor in cause 58428 for the reason that the plaintiff was a party defendant in that action and filed a demurrer therein. The defendant cites no authorities in support of this proposition, nor have we found any. Therefore, we conclude that this contention cannot be sustained.

It is further urged that plaintiff is barred from asserting title to the property by the laches of himself and his grantor, citing Nohl et al. v. Holloway et al., 179 Okla. 512, 66 P. (2d) 497. In that case the owner obtained his deed more than ten years before the land was sold for taxes and did not place it on record for 22 years; never paid any taxes, and also was never in possession of the premises. The facts in that case are so at variance with the facts in the case at bar as to render it ineffectual in determining the issues herein. In Nohl et al. v. Holloway et al., supra, we said:

"There is no fixed or arbitrary rule as to the lapse of time or circumstances which will justify the application of the doctrine of laches. Each case as it arises must necessarily be determined by its own circumstances."

Again defendant contends the deed executed by the Proctors and Pardue to the plaintiff was void as to all parties because its execution was in violation of the champerty laws, sections 1939-1940, O. S. 1931. The evidence on the question of possession is conflicting.

In 1925, when the land was occupied by E. M. Proctor, there were only about ten acres broken and in cultivation. It appears that for a number of years thereafter the premises were more or less unoccupied, and being unimproved and unfenced, were used principally as free range for stock by people living in the neighborhood. For several years the prevalence of boll weevil in that section of the state made the land undesirable for the planting of crops.

John C. Jones, a witness for the defendant, testified that he made inquiry concerning the ownership of the land and was advised by some people that the land belonged to Proctor; by others, that it belonged to J. R. Dexter, the plaintiff, and by others that it belonged to a man by the name of Dunlop; that in 1934, without permission from anyone, witness "squatted" on the land, built a dugout, and continued to remain there until December 17, 1935, five months after the institution of the present suit, when he entered into a written agricultural lease for one year with an attorney representing the defendant. It appears from the record that potential oil development stimulated interest in the land. The trial court decided this issue, along with other questions involved, adversely to the defendant, and we find no reason for disturbing the judgment on this point.

Finally, it is urged by defendant that the cause should be reversed for the reason that plaintiff made no tender in open court for the use and benefit of the defendant, all taxes, penalties, interest, and costs, which Proctor would be bound to pay for the purpose of redemption. It is contended that this is made a condition precedent to the prosecution of an action to cancel a tax deed. Citing Meriweather v. Brown, 180 Okla. 438, 70 P.2d 54, and other cases. We find no fault with the reasoning in the cited cases when applied to the proper facts. However, in the present case, the trial court in its judgment annulled the tax deeds in the chain of title of both plaintiff and defendant. The judgment, adverse to the defendant, is based on the invalidity of the judgment against Proctor in the Oklahoma county case and sustains plaintiff's title under his deed from the Proctors, record owners of the land. Under the facts in the present case, we conclude that the contention urged by defendant is untenable.

From the record presented we conclude that no error appears in the judgment of the trial court. The present case is, of course, an equity action and was tried as such. We are bound by the well-established rule that the finding and judgment of the trial court in a case of purely equitable cognizance

will not be reversed unless the same is against the clear weight of the evidence. Coffeyville Vitrified Brick & Tile Co. et al. v. Archer, 143· Okla. 270, 288 P. 479. In view of the conclusion reached, we deem it unnecessary to consider other questions discussed in the briefs.

The judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, GIBSON, and HURST, JJ., concur. WELCH and CORN, JJ., dissent. DAVISON, J., absent.