JOHNSON v. BLOOMER et al.

No. 28735. Oct. 20, 1942.

130 P. 2d 298.

Robinson & Oden, of Altus, for plaintiff in error.

Fred W. Martin, of Wagoner, for defendants in error.

BAYLESS, J. Rudolph Johnson, the former owner of the real estate involved herein, filed an action in the district court of Dewey county against S. L. Bloomer and Morris Schuman for the purpose of canceling a resale tax deed and quieting title to the land. It appears that Bloomer bought the land at the resale in 1936 and thereafter conveyed to Schuman.

In plaintiff's amended petition he set out one general and seven specific instances of invalidity of the tax deed. The defendants defended generally and sought to have their title quieted in the cross-petition.

At the beginning of the trial, the parties stipulated to virtually all of the facts with respect to Johnson's title, the resale, the sale by the county to Bloomer and the sale by Bloomer to Schuman. The plaintiff introduced the testimony of a county official to show that the return of the county treasurer on the sale was not filed in the office of the county clerk within the time specified by law. The evidence introduced by the defendants related to certain expenses of the sale and it is not necessary to be set out.

At the commencement of the trial the defendants objected to the introduction of evidence and demurred to the amended petition of the plaintiff, and at the close of the plaintiff's testimony they renewed these moves and demurred to the plaintiff's evidence. At the close of all of the evidence they renewed these moves and moved for judgment on the pleadings and judgment on the merits. Upon consideration of these motions the trial court sustained the demurrer of the defendants to the evidence of the plaintiff and sustained the motion for judgment in favor of defendants. Following this, the court rendered judgment denying plaintiff any relief and quieting the title of the defendant Schuman to this property.

Plaintiff has filed a brief wherein he made a preliminary argument with respect to the burden of proof and then assigned four alleged errors which he argued at length. The defendants have filed a brief wherein they content themselves with answering the propositions advanced by plaintiff.

In his preliminary argument, plaintiff cites the case of Durkin v. Ward, 66 Ore. 335, 133 P. 345, to the effect that in an action where each party is claiming title to real estate, the burden rests upon each party to make good by evidence the affirmative averments touching his own title. Upon this premise, plaintiff argues that since defendants filed an answer and cross-petition wherein they asserted title to this property by virtue of the resale deed, the plaintiff was thereby relieved of the burden of proof respecting the invalidity of the resale tax deed which he attacked in the manner mentioned above by the allegations of his amended petition. In this contention the plaintiff is in error. The procedure for attacking tax deeds is governed by statute in Oklahoma, 68 O. S. 1941 §§ 452 and 453, and cases cited thereunder. The court has held that these statutes apply to resale deeds as well as certificate tax deeds. Winters v. Birch, 169 Okla. 237, 36 P. 2d 907, and other cases. By the language of section 453, supra, it is said

that a person desiring to defeat a tax deed or to set it aside must show clearly the entire failure to do some one or more of the things of which the deeds are made presumptive evidence. The plaintiff pointed out seven such alleged errors in his amended petition, although in the brief before us he has limited his attack to four of these elements. We hold the burden of proof rested upon him to sustain his allegations.

The first alleged defect upon which the plaintiff relies appears in evidence by the terms of the deed and the return of the treasurer. The first publication of the notice of resale appeared March 26, 1936, and the sale commenced April 20, 1936. Plaintiff shows that only 24 days elapsed between the first date of publication and the commencement of the sale. He contends that under the interpretation given by other sections of the statute requiring publication for three consecutive weeks, section 12741, O. S. 1931, or four consecutive weeks (§ 9744, C. O. S. 1921), means that 21 or 28 days must elapse between the date of the first publication and the commencement of the sale. Plaintiff quotes section 12754, O. S. 1931, which was in effect at the time the sale was held, and it provided that the notice should be published "once each consecutive week for four publications." He argues that the use of the language for "four publications" is synonymous with "four weeks" or 28 days. We think that when the above language of section 12754 is contrasted with the language of the section before it was amended (§ 9744, C. O. S. 1921), reading "once each week for four consecutive weeks preceding the sale" (Cook v. Vincent, 111 Okla. 95, 238 P. 471), and as it now reads (having been amended in 1939) 68 O. S. 1941 § 432b, "once a week for four consecutive weeks preceding such sale," it can be seen that the Legislature used distinctly different terms that had distictly different meanings. Section 12754 simply required that four consecutive weekly publications occur before the sale and that is what was done in this instance.

The second contention urged is that the defendants did not show that the newspaper in which the notice of the resale was published was the official county newspaper. Since the plaintiff was the party attacking the deed and alleged this defect in the resale proceedings, we are of the opinion that the burden of proof was upon the plaintiff to make this showing and not upon the defendants.

The third proposition argued by the plaintiff calls attention to the fact that the treasurer's return contains the following recitation:

"Said sale being held in the office of the County Treasurer of Dewey County, Oklahoma, beginning at 9:00 A.M. on the 20th day of April, 1936, and closing at 4:00 P.M. on May 19th, 1936, dated at the office of the County Treasurer in the Court House at Dewey County, State of Oklahoma, this the 10th day of September, 1936."

—which he says is not sufficient to show that the sale was held daily and was adjourned from day to day as required by law. The evidence in the record shows that the sale commenced April 29th and the particular tract of land was sold May 5, 1936. Plaintiff cites the case Gulager v. Coon, 93 Okla. 62, 218 P. 701, to support his argument, but this case simply holds that a sale held at a time not authorized by statute is a nullity. We are of the opinion that the return filed by the treasurer reciting the opening day and closing day of the sale implies that it was conducted between times, and this is sufficient to meet the attack made.

The fourth ground of attack is that the resale deed is void because of the failure of the county treasurer to file a return of the sale with the county clerk within a specified time after the close of the sale. Meriwether v. Brown, 180 Okla. 438, 70 P. 2d 54. Defendants call attention to the case of Jepeway v. Barrett, 165 Okla. 220, 25 P. 2d 664, wherein this court noticed the holding in the earlier cases to the effect stated by plaintiff and criticized the holding as being erroneous and expressly over-

ruled the cases so holding. We hold now that the failure of the county treasurer to file the return with the county clerk within the period specified is not such a defect as invalidates a tax deed or a resale deed.

The judgment of the trial court is affirmed.

CORN, V. C. J., and OSBORN, GIBSON, HURST, and DAVISON, JJ., concur. WELCH, C. J., and RILEY, J., absent. ARNOLD, J., dissents.

———

ARNOLD, J. (dissenting). I respectfully dissent to the majority opinion in this case.

Section 7410, R. L. 1910, provides that the notice of resale should be "by the publication thereof once a week for four consecutive weeks preceding the sale, . . . ." Section 9744, C. O. S. 1921, is identical as to such provision with the exception that "each week" is substituted for "a week."

In Jackson v. Turner, 107 Okla. 167, 231 P. 290, this court had before it section 7410, supra, and held that "a statute requiring the publication of a delinquent tax sale notice once a week for four consecutive weeks means 28 days, . . . ." That interpretation has been followed by us without exception as to section 9744, supra, as well as section 7410, supra.

In 1923 section 9744, supra, was amended. Section 12754, O. S. 1931 (68 O. S. A. § 413), which is section 9744 as amended, provides that the notice of resale should be "by the publication thereof once each consecutive week for four publications preceding the resale, . . . ." Thus it will be noted that "once each consecutive week for four publications" was substituted for "once a week for four consecutive weeks." The case at bar presents this section to us for the first time.

Section 12754, supra, was amended in 1939 and again in 1941. However, the provision before us was not changed by the 1941 amendment. The 1939 amendment became effective April 15th of that year. 68 O. S. 1941 § 432b, being section 12754, supra, as amended, provides "the county treasurer shall give notice of the resale of such real estate by publication thereof once a week for four consecutive weeks preceding such sale, . . . ."

I am still of the opinion that sections 7410, R. L. 1910, § 9744, C. O. S. 1921, and § 12754, O. S. 1931, as well as 68 O. S. 1941 § 432b, do not mean that the notice of resale must be given for a period of not less than 28 days prior to the resale; that such sections simply mean what I think they practically and positively say, that is, a notice shall be inserted in the publication once each week for four consecutive weeks. I do not think there is any distinction in the simple and plain import of the language in section 12754, supra, to wit, "once each consecutive week for four publications," and the language in the other sections, supra, to wit, "once a week" and "once each week for four consecutive weeks," and, therefore, the application of a different interpretation thereof is unjustified, admitting for the sake of argument that the Legislature might have thought there was a difference and intended to effect a material change in the statute.

68 O. S. 1941 § 432b re-enacts, with minor changes, section 7410, R. L. 1910. The wording, with the exception of the number of weeks publication is required, is almost identical with 68 O. S. 1941 § 382 as to the publication of notice of original sale, which has been in effect without exception since 1910 and has consistently been interpreted by us to mean 21 days. Welborn v. Whitney, 190 Okla. 630, 126 P. 2d 263. To be consistent, section 432b must be interpreted to mean that the publication must run 28 days.

I am therefore of the opinion that consistency in our decisions as to the law regarding the sale of property for delinquent taxes and stability of tax titles, insofar as possible, and consist-

ency in the interpretation of plain and unambiguous language, require the application of the same interpretation to each of the above-mentioned statutes; that until it is determined by this court that our prior decisions, holding the notice of original sale and resale must be given 21 and 28 days, respectively, prior to sale, are in error and should be overruled, the same interpretation should be applied to all the foregoing sections.