SHEFFEL v. CITIES SERVICE OIL CO. et al.

No. 33802.     Oct. 3, 1950.

*222 P. 2d 1024.*

C. R. Thurlwell, Robert W. Raynolds, both of Tulsa, for plaintiff in error.

Lonnie Corn, of Bartlesville, for defendant in error Cities Service Oil Company.

Twyford, Smith & Crowe, of Oklahoma City, for defendants in error Curt Von Wedel and Eleanor Von Wedel.

O'NEAL, J. August 13, 1947, plaintiff in error commenced this action in the district court of McClain county against defendants in error, Cities Service Oil Company, a corporation, Curt Von Wedel and Eleanor Von Wedel, to establish his interest in one-seventh of the minerals under a 70-acre tract of land in McClain county, and to quiet title thereto. Upon trial the district court sustained a demurrer to plaintiff's evidence and dismissed the action on the ground that the five-year statute of limitation barred plaintiff's action, and plaintiff appealed.

The principal facts are not in dispute. The public records and uncontradicted evidence show substantially the following facts: On and prior to May 22, 1924, Alma Lawson and George R. Lawson, wife and husband, were the owners of the 70-acre tract of land here involved, namely:

The Northeast Quarter of the Northwest Quarter and the East Half of the Northwest Quarter of the Northwest Quarter and the Northwest Quarter of the Northwest Quarter of the Northwest Quarter, all in Section 22, Township 5 North, Range 4 West of the I. M.

On said 22nd day of May, 1924, said Alma Lawson and George R. Lawson, wife and husband, executed and delivered to the Finnerty Investment Company their mortgage bond and note for $2,000, with interest at the rate of 6 per cent per annum, and at the same time, and as a part of the same transaction, executed and delivered to said Finnerty Investment Company a mortgage to secure said note covering said 70-acre tract of land, together with other land, in all 320 acres; June 3, 1924, said Finnerty Investment Company assigned said note and mortgage to Central Life Assurance Society of the United States (Mutual); July 10, 1929, one J. T. Pancoast executed and delivered to plaintiff, Nathan Sheffel, a mineral deed whereby he conveyed to Sheffel an undivided one-seventh interest in and to all of the oil, gas and other minerals in and under or that may be produced from said 70-acre tract of land, which said deed was filed for record July 15, 1929. It does not fully appear how or when J. T. Pancoast obtained any title to or interest in said minerals and mineral rights, but it was stipulated at the said trial that Sheffel received his title to said mineral interest by regular chain of title, and Cities Service Oil Company in its answer admitted that plaintiff (Sheffel) acquired an undivided one-seventh interest in and to all of the oil, gas and other minerals in and under said 70-acre tract.

Thereafter, December 19, 1932, Central Life Assurance Society of the United States commenced an action to foreclose its mortgage covering said 70-acre tract and other lands. Therein plaintiff, Nathan Sheffel, was named as a party defendant but no summons or other process was issued or served upon Nathan Sheffel in said foreclosure proceeding, but an answer purporting to be the answer of Nathan Sheffel, signed "Joseph J. Rosenbloom, Attorney for Defendant, Nathan Sheffel," was filed in said cause on February 28, 1933. Said foreclosure action was prosecuted to judgment and decree dated November 2, 1933, foreclosing said mortgage as against Nathan Sheffel and other defendants, wherein it was adjudged and decreed that the mortgage of plaintiff in said action was a prior and subsisting first lien against all the land therein described. Personal judgment was entered against mortgagors, Alma Lawson and George R. Lawson, wife and husband, in the sum of $2,517.16, with interest from December 1, 1932, and costs, together with an attorney's fee of $250. The decree was for foreclosure of the mortgage and the sale of said land if said judgment was not satisfied within six months from the date of the judgment. The judgment was not satisfied within said time, and on May 15, 1934, a special execution and order of sale was issued by the court clerk of McClain county directing and commanding the sheriff to proceed according to law to sell, without appraisement, the land and tenements covered by said mortgage. June 18, 1934, the sheriff filed return showing the advertisement and sale of said land to Eleanor Von Wedel, she being the highest and best bidder therefor. Motion to confirm the sale was filed June 18, 1934. July 11, 1934, the court entered its order confirming said sale, and on July 11, 1934, sheriff's deed was executed and delivered to Eleanor Von Wedel, which deed was filed for record August 15, 1934. It was stipulated at the trial that Eleanor Von Wedel and Curt Von Wedel, her husband, were in possession of the premises involved from and after August 15, 1934.

The present action, as stated above, was commenced August 13, 1947, two days less than 13 years after the said sheriff's deed was filed for record. As against allegations of effective foreclosure of plaintiff's interest in said land and the sale thereof by the sheriff, plaintiff alleged, in substance, that no summons, or process, was served upon him in the foreclosure action and that he had no notice or knowledge of said action until a short time before this action was commenced. With reference to the purported answer filed in said action, he alleged and testified positively that he never employed or authorized Joseph J. Rosenbloom to file said answer, or otherwise appear for him in said foreclosure proceeding.

The sole question presented is a question of law: Whether, under the record, plaintiff's action was barred by the five-year statute of limitation. Subdivision 1, 12 O. S. 1941 §93, as amended by Title 12, chap. 3 S. L. 1945, p. 37.

First we note that counsel for defendants in error in their brief state that the "undisputed facts are: 1. The property involved was sold on 'execution brought' by the execution debtor, Central Life Assurance Society of the United States (Mutual) . . . ."

This is not entirely true. The property was sold on execution within the meaning of 12 O. S. 1941 §93. Goslen et al. v. Waddel Investment Co., 145 Okla. 269, 292 P. 362, but it was not sold in an action brought by the execution debtor. It was sold in an action brought by the mortgagee.

Plaintiff contends that the foreclosure judgment, being void, and ineffective as against him, he is not barred by any statute of limitations. The foreclosure judgment was not void on the face of the record, but was voidable only as to Sheffel. The rule stated in 2 R. C. L., page 235, quoted with ap-

438

proval in Street v. Dexter, 182 Okla. 360, 77 P. 2d 707, is:

"'. . . Where an attorney at law appears for a defendant not served with process, the presumption is that he was authorized to do so; in other words, his appearance is prima facie evidence of his authority, . . . but when such authority is denied or properly put in issue, it is competent to rebut by proof any presumptions which may arise from such acts. If the attorney was without authority, then his acts could bind no one.'"

The judgment roll on its face, in the foreclosure action, showed an answer on behalf of Nathan Sheffel signed by an attorney purporting to represent him. The presumption that the attorney had authority to represent Sheffel stood until the contrary was made to appear by clear and satisfactory evidence in the present action. Liken v. Shaffer, 64 Fed. Sup. 432. The foreclosure judgment was voidable as to Nathan Sheffel but was not void on the face of the record. Pettis v. Johnston, 78 Okla. 277, 190 P. 681.

Under the record, including the uncontradicted evidence and stipulations of the parties, plaintiff's action was barred by the provisions of 12 O. S. 1941 §93, as amended by Title 12, chap. 3, S. L. 1945. The trial court did not err in so holding.

Affirmed.

DAVISON, C. J., ARNOLD, V. C. J., and WELCH, CORN, GIBSON, HALLEY, and JOHNSON, JJ., concur.