**WALDEN–PAGE MEMORIAL HOSPITAL, a Corporation, Plaintiff in Error,**

v.

**Lloyd M. BENTSEN and Elmer C. Bentsen, as individuals and Lloyd M. Bentsen and Elmer C. Bentsen, partners, d/b/a Bentsen Development Company, Wagoner Hospital, an Oklahoma Corporation, Founders, Inc., an Oklahoma Corporation, and Helen French, Defendants in Error.**

No. 39197.

Supreme Court of Oklahoma.

Feb. 6, 1962.

Rehearing Denied March 27, 1962.

**6**

O. B. Martin, Oklahoma City, Rogers, Litchfield & Rogers, Tulsa, for plaintiff in error.

Fred W. Martin, Wagoner, for defendant in error Founders, Inc.

John M. Gephart, Wagoner, for defendant in error Helen French.

Brown & Brown, Paul Brown, Oklahoma City, for defendants in error Lloyd M. Bentsen and Elmer C. Bentsen.

JACKSON, Justice.

The sole question presented by this appeal is whether the five year period of limitations provided by 12 O.S.1951 § 93(1), is applicable to the situation described below. For clarity, the parties will be referred to as Owner, Mortgagee and Grantee, or by their names.

On April 25, 1949, Frona J. Walden and Dewey Hobson Walden, hereinafter called Owner, mortgaged the property in question to J. M., Kate L., and Homer J. Young. Thereafter the Youngs assigned this mortgage to Lloyd M. Bentsen and Elmer C. Bentsen, individually and as partners, doing business as Bentsen Development Company, hereinafter called Mortgagee. In May, 1949, the Waldens, or Owner, sold the property to the Walden-Page Memorial Hospital, a corporation, hereinafter called Grantee. These deeds were duly recorded in May, 1949.

Thereafter on February 13, 1952, the Bentsens, as Mortgagee, filed an action in Federal Court to foreclose the mortgage. The sole defendants in that action were the Waldens, or original mortgagors. The Bentsens failed to name the Walden-Page Memorial Hospital as a party defendant although the record title to the property stood in its name. The foreclosure action proceeded to judgment against the Waldens, as Owner. The Bentsens bid the property in at the foreclosure sale and filed their Marshal's deed for record in February, 1953, and went into possession of the property.

On May 12, 1958, and more than five years after the Bentsens had recorded their deed, the Walden-Page Memorial Hospital, as plaintiff, brought the instant action in ejectment to recover the property and for damages against Mortgagee (the Bentsens) and their successors in title.

Mortgagee (the Bentsens) pleaded, among other defenses, that the action of Grantee (Walden-Page Memorial Hospital) was barred by the five year limitation period prescribed in 12 O.S.1951 § 93(1), supra. The trial court held that the action was barred by the five year limitation period and entered judgment for Mortgagee (the Bentsens) and the other defendants.

12 O.S.1951 § 93(1), by its terms, covers situations where the property concerned has been sold on execution, partitioned in kind or sold pursuant to partition proceedings, or other judicial sales, or distributed under decree of county court in probate proceedings.

Omitting the parts having to do with partition and probate proceedings, which are not applicable here, the section provides as follows:

"An action for the recovery of real property sold on execution, * * * when brought by, or on behalf, of the execution debtor * * *, or his * * * heirs, or [by] any person claiming under him or them by title acquired after the date of the judgment * * *, within five (5) years after * * * the recording of the deed made in pursuance of the sale or proceeding * * *."

▆ A sale of real estate under an order of sale issued in a mortgage foreclosure proceeding is a "sale on execution" within the meaning of 12 O.S.1951 § 93(1). Goslen v. Waddell Investment Co., 145 Okl. 269, 292 P. 362.

Grantee (Walden-Page Memorial Hospital) contends that the cited section of the statute applies only when the action concerned is brought by the execution debtor or former owner, his heirs, or by a person claiming under the execution debtor or former owner (or their heirs) *by title acquired after the date of judgment;* that since the title of Grantee, Walden-Page Memorial Hospital, was acquired from the execution debtor (the Waldens) *before* the date of judgment in the foreclosure action, the statute is not applicable.

Although it appears that this court has not heretofore passed upon this precise question, this contention must be sustained.

The sentence structure of the section cited is admittedly rather involved, but when it is stripped of inapplicable portions, as above, the meaning is clear and unambiguous. The modifying clause which begins with the words "when brought by" obviously qualifies and limits the word "action".

Here, Grantee, Walden-Page Memorial Hospital, acquired its title prior to the judgment in the foreclosure action—indeed, before it was ever commenced. It was not the execution debtor or former owner, or an heir of either; it did not bring the present action on behalf of them; it was not a party claiming under any of them "by title acquired after the date of judgment". Its title was acquired *before* the date of judgment. Therefore it does not belong to any of the classes of persons (natural or artificial) whose actions are barred after five years by the cited section.

The history of the section of the statute concerned lends weight to this conclusion. This section was adopted from the State of Kansas, and until 1945, it provided as follows:

"An action for the recovery of real property sold on execution, brought by the execution debtor, his heirs, or any person claiming under him, by title acquired, after the date of judgment, within five years after * * * the recording of the deed made in pursuance of the sale."

It is clear that under this wording of the statute, the action of Grantee, Walden-Page Memorial Hospital, would not have been barred, since by its terms, the statute applied only to actions brought by the execution debtor, his heirs, or persons claiming under him by title acquired after the date of judgment.

In construing an identically worded statute, the Supreme Court of Kansas held in Erskine v. Dykes, 158 Kan. 788, 150 P.2d 322, that the purchaser at a mortgage foreclosure sale was not entitled to a judgment quieting his title against one of several mortgagors who had not been made a party to the foreclosure action, upon the theory that such mortgagor was barred by limitations from claiming the land.

In 1945, the Oklahoma legislature amended this section so as to include within this subdivision of the statute, lands sold at partition sale and lands partitioned in kind in partition proceedings. There being no execution debtor in partition proceedings, the phrase "or former owner" was added at that time immediately after the phrase "execution debtor".

After the 1945 amendment, the section provided as follows:

"An action for the recovery of real property sold on execution or for the recovery of real estate partitioned by judgment in kind, or sold, or conveyed pursuant to partition proceedings, or other judicial sale, when brought by, or on behalf of, the execution debtor or former owner or his or their heirs, or any person claiming under him or them by title acquired after the date of the judgment within five (5) years after the date of the recording of the deed made in pursuance of the sale or proceeding, or within five (5) years after the date of the entry of the final judgment of partition in kind where no sale is had in the partition proceedings; * * *."

By a further amendment in 1949, not material here, actions for the recovery of lands distributed in administration or probate proceedings were included within the meaning of this subdivision.

Mortgagee (the Bentsens and other defendants) argues that as applied to the action now before us, this section should be read and interpreted as follows:

"An action for the recovery of real property sold on execution, or other judicial sale, within five years after the date of the recording of the deed made in pursuance of the sale or proceedings."

However, such interpretation entirely omits from consideration the qualifying clause which begins with the words "when brought by". As previously noted, this clause modifies the word "action". It indicates that not *all* actions are barred by this section, and must be considered here in order to determine if the particular action now before us is barred.

It may be argued that plaintiff Grantee, Walden-Page Memorial Hospital, comes within the meaning of the term "former owner" as used in this section, but we do not believe this was the intention of the legislature. It should be remembered that the phrase "or former owner" was not in the statute prior to the 1945 amendment. The amendatory act of 1945 was House Bill No. 213 (Session Laws of Oklahoma, 1945, page 37) and the title of the act was as follows:

"AN ACT amending Section 93, Title 12, Oklahoma Statutes of 1941, prescribing limitations of real actions *so that the same limitations will apply* to actions to recover lands partitioned by judgment of court, or sold, or conveyed in partition suits and other judicial sales *as now apply to actions to recover real estate sold on execution*; * * *." (Emphasis supplied.)

It thus appears that the sole purpose of the legislature in the 1945 amendment was to include within this subdivision actions to recover lands partitioned in kind, or sold in partition suits or other judicial sales. No purpose to change the law as it then existed, as to actions for the recovery of lands sold on execution, appears.

In support of the argument that Grantee's action is barred, Mortgagee cites Sheffel v. Cities Service Oil Co., 203 Okl. 435, 222 P.2d 1024. In that case, a quiet title action, plaintiff Sheffel alleged that the attorney who filed an answer for him in a prior foreclosure action, in which no summons had been served upon him, was not authorized to do so. This court held that the foreclosure judgment was not void upon the face of the record, but voidable only, and that Sheffel's action was barred by this subdivision of the statute. Whether he acquired his title before or after judgment was not an issue in the case, and it is therefore of no assistance here.

Mortgagee also cites Richards v. Freeman, 207 Okl. 100, 247 P.2d 731; Goslen v. Waddell Investment Co., 145 Okl. 269, 292 P. 362; Green v. Wahl, 117 Okl. 292, 246 P. 419; and other cases in which actions by various parties were held to be barred by the statute concerned. However, none of these cases deals with a situation where the party whose action was sought to be barred

acquired his title to the property concerned *before* the date of judgment in a prior foreclosure action. They are therefore not in point.

We hold that 12 O.S.1951 § 93(1), is not applicable to an action in ejectment brought by a grantee of a prior mortgagor, which mortgagor thereafter became the execution debtor in a mortgage foreclosure action, where the title of such grantee was acquired *before* the commencement of the foreclosure action, and the grantee was not a party to the foreclosure action.

The pleadings in this case were voluminous. Numerous questions of law and fact were presented in addition to the question of limitations. It is apparent from the record that the trial court was of the opinion during the trial that if the five-year statute did apply then it would be unnecessary to dispose of the other issues. However, in view of the briefs filed in this court it becomes necessary for us to give attention to two propositions that were raised in the briefs of the defendants, the Bentsens and others.

Defendants, the Bentsens and others, (Defendants in Error in this court) for their first proposition assert that when necessary to circumvent fraud, protect the rights of third persons and accomplish justice, the court should disregard the distinct existence of a corporation and the persons composing it and treat them as identical. As supporting this proposition the defendants quote from their answer filed in the trial court, to the general effect that Frona Johnson Walden and Dewey Walden organized the Walden-Page Memorial Hospital, a Corporation, plaintiff herein, as their alter-ego and as a scheme to avoid paying the mortgage that they had placed upon the property, and to cloud the title. That the Waldens owned all, or practically all, of the stock in the corporation and that in fact the actual title to the property never passed from the Waldens to the corporation.

We have carefully searched the pleadings of the plaintiff, its opening statement, and the entire record in this case and find no evidence, admissions or stipulations as to who organized the Walden-Page Memorial Hospital, or who owns the stock, or who composes its board of directors. Defendants suggest that this evidence is contained in depositions taken from the Waldens but these depositions were not introduced in evidence. No witnesses testified in this case. There is therefore no evidence in the record to support this proposition.

For their third proposition the defendants contend that the plaintiff cannot maintain this action without tendering the amount due. That is, the amount due on the mortgages above mentioned.

In the original and reply briefs of Walden-Page Memorial Hospital (plaintiff in the trial court and appellant herein) it is argued that the trial court did not dispose of the issues presented here as defendants' propositions one and three.

The record discloses that when plaintiff (Walden-Page Memorial Hospital) was presenting its exhibits in support of its petition, the defendants objected to the plaintiff maintaining this action and introducing evidence in support thereof, until plaintiff had tendered the amount due on the mortgages. After a lengthy argument and discussion the trial court stated:

"I'm not inclined to have the plaintiff make a tender at this time. Now, the thing as I said awhile ago I'm concerned about is whether or not the lawsuit was brought within the five-year statute of limitations. I think that's a vital issue in this lawsuit.

\* \* \* \* \* \*

"Let's get that out of the way first.

\* \* \* \* \* \*

"I've already ruled on that. I—I'm not requiring them to do that, and that is, to make tender and give you an exception to the ruling, Mr. Martin.

\* \* \* \* \* \*

"That's the thing I'd like to determine now, whether or not it (limitations) applies." (Parenthesis ours.)

After defendants had introduced their last exhibit they submitted the case to the trial court "for the purpose of permitting the Court to determine the issues upon the legal points raised in this case" and also moved "the court for judgment upon the pleadings and upon the evidence in this case."

Following final arguments to the court, which do not appear in the record, the trial court announced its judgment from the bench, in material part, as follows:

"I have tried to sit here and to drink in every word that's been uttered in this lawsuit and we're—we are down to this one question: Under the facts which have been submitted here today, has the statute of limitations run as against the plaintiff? Now, that's our lawsuit up until now; that's the thing we've had. I realize this is a court of equity and there's a lot of property involved in this lawsuit, and there's a lot of interest in it. There should be, but Gentlemen, I have settled this matter in my mind and I think I'm right to the best of my legal learning and knowledge and understanding. I've come to this conclusion: And the Court finds that the Statute of limitations bars recovery on the part of the plaintiff, and let the record show that judgment is hereby entered for all defendants and give you an exception to the ruling of the Court. That's my conscientious feeling and understanding, and I so rule and give you an exception."

■ Ordinarily a judgment is rendered when pronounced by the court, and the journal entry is only a record thereof. Werfelman v. Miller, 180 Okl. 267, 68 P.2d 819; Taliaferro v. Batis, 123 Okl. 59, 252 P. 845; Oklahoma Turnpike Authority v. Kitchen, Okl., 337 P.2d 1081.

■ We are of the opinion that the trial court limited its judgment to the issue of the statute of limitations. However, the journal entry of judgment filed in this case is broader in its scope and provides in pertinent part, as follows:

"Thereupon the matter was determined upon its merits, and *the court announced that it found all issues in favor of all defendants* and against the plaintiff, and specifically found that the plaintiff is barred by the Statute of Limitations, particularly Title 12, Section 93 of the Oklahoma Statutes of 1941, as amended, and found that the defendants, Lloyd M. Bentsen and Elmer C. Bentsen, entered into possession of the property, which is the subject matter of this action, on February 1, 1953, and that thereafter they and their successors in interest, had been in the open, notorious and peaceable possession of said property; that the action of plaintiff in this court was brought on May 12, 1958, more than five years after the possession of said defendants, and for said reason *and because of the other issues in this case, all of which are found against the plaintiff,* the plaintiff cannot maintain this action, and the same should be dismissed, at the cost of the plaintiff." (Emphasis supplied.)

The Journal Entry of Judgment was not approved by the signature of plaintiff's counsel.

We have carefully searched the record and have been unable to determine that the trial court announced that it found "all issues" in favor of the defendants, or that it rendered judgment against the plaintiff "because of the other issues in this case".

In view of the foregoing we have limited our review to the sole question of whether the five year period of limitations provided by 12 O.S.1951 § 93(1) is applicable to the facts presented in this case. Having concluded that the statute of limitations, 12 O.S.1951 § 93(1), does not apply, the judgment of the trial court is reversed for new trial upon the issues made by the pleadings and not heretofore disposed of by the trial court.

WILLIAMS, C. J., and WELCH, HALLEY and BERRY, JJ., concur.

IRWIN, J., concurs in result.